(April 29, 1912.)

In the Matter of the Petition of J. J. WOOD et al., Respondents, v. INDEPENDENT SCHOOL DISTRICT NO. 2, Appellant.

[124 Pac. 780]

SCHOOL DISTRICTS—INDEPENDENT SCHOOL DISTRICTS—NEW DISTRICTS—CREATION.

(Syllabus by the court.)

1. The act of March 7, 1911, Laws of 1911, p. 483, is a complete code and system for the government and regulation of the common schools of Idaho, and such act classifies school districts as "School Districts," as provided in art. 5, and "Independent School Districts," as provided in art. 13, and it was the intention of the legislature to provide separately and distinctly for each in the respective articles.

2. Art. 5 of the act of March 7, 1911, Laws of 1911, p. 483, in no way applies to or governs the provisions of art. 13 of said act governing the organization of independent school districts.

3. It is a general rule of law that in construing a statute the court should take into consideration the reason of the law,—that is, the object and purpose of the same, and the object and contemplation of the legislative body in enacting the same.

APPEAL from the District Court of the Second Judicial District for Lewis County.    Hon. E. C. Steele, Judge.

Action to determine the legality of School District No. 33, created out of Independent School District No. 2.    *Reversed.*

Geo. W. Tannahill, J. S. McDonald, and C. T. McDonald, for Appellant.

The board of county commissioners has no jurisdiction to change the boundaries of an independent school district. (*Bowen v. King,* 34 Vt. 156; *Whitmire v. State ex rel. Vaughan* (Tex. Civ. App.), 47 S. W. 293; *State v. Browning,* 28 N. J. L. 556; *Nicklaus v. Goodspeed,* 56 Or. 184, 108 Pac. 136.)

S. O. Tannahill, G. Orr McMinimy, and Ben. F. Tweedy, for Respondents.

A school district has no such vested rights as to prevent a change of its boundaries without notice and a hearing before some tribunal. · (*Board of School Commissioners v. Centre T. P.,* 143 Ind. 391, 42 N. E. 808; *School District No. 57 v. Board of Education,* 16 Kan. 536; 8 Cyc. 903, note 5.)

School districts, whether they are independent or township school districts, are creatures of statute, and may be altered in such manner as the legislature may deem advisable. (*Fairview Ind. School Dist. v. Burlington Ind. School Dist.,* 139 Iowa, 249, 117 N. W. 668; *Connor v. St. Anthony Bd. of Education,* 10 Minn. 439; *Garfield Co. School District 17 v. Zediker,* 4 Okl. 599, 47 Pac. 482.)

Section 47, Laws 1911, p. 500, applies to independent school districts. The legislature intended a complete system. (*Holmes & Bull Furniture Co. v. Hedges,* 13 Wash. 696, 43 · Pac. 944.)

The creation of Common School District No. 33 of Lewis county did not dissolve or destroy or alter or affect the identity of Independent School District No. 2 of Lewis county. (35 Cyc. 847, subd. 1; 1 McQuillin, Munic. Corp., p. 675, sec. 298.)

STEWART, C. J.—A petition signed by J. J. Wood and others, parents and guardians of ten or more children of school age, who were residents of the proposed new school district, was presented to the board of county commissioners of Lewis county, Idaho, praying a creation of a common school district out of territory within Independent School District No. 2 of Lewis county, Idaho. The board of county commissioners granted the prayer of such petition and created "Common School District No. 33 within and out of a part of said Independent School District No. 2 of Lewis county, Idaho," and thereby changed the boundaries of Independent School District No. 2. From the order of the county commissioners Independent School District No. 2 appealed to the district court. The cause was tried and the court made find-

ings of fact and conclusions of law, and entered a judgment affirming the action of the county commissioners. From said judgment this appeal is taken.

There is but one question presented by this appeal, and that is whether the board of county commissioners had power to grant the petition and create a school district out of territory previously organized into an independent school district, under the laws of this state.

On the 11th day of March, 1893 (Laws of 1893, p. 187), the legislature of this state passed a very comprehensive act embracing the entire subject, establishing and maintaining a system of free schools within the state. This act, among other things (sec. 35), authorizes the board of county commissioners to create new districts from unorganized territory or from old districts, to change the boundaries of any districts, etc. Sec. 38 provides for the organization of a joint school district out of territory belonging to two or more contiguous counties. These two sections are a part of chap. 5. Secs. 78 to 84, inclusive, are included in chap. 11 of said act, and are devoted to the creation, government and powers of what is designated as independent school districts. This act repeals all former acts. This act was amended in some particulars and re-enacted on the 6th day of February, 1899, Laws of 1899, p. 85, and embraces in substance the same sections as above referred to in the act of 1893, Laws of 1893, p. 187. The act of 1899 was thereafter amended in some particulars and carried into the code, and on the 7th day of March, 1911, Laws of 1911, p. 483, an act was passed by the legislature very comprehensive and full and intended to codify all the provisions of law relating to public school matters within the state, and to repeal all acts in conflict with it, and in sec. 195 the act declares: "This act is intended to constitute a complete code and system for the government and regulation of the common schools of Idaho, and is intended to be complete in itself, without reference to or aid from other laws; and all acts or parts of acts which modify or tend to modify this act or any part thereof shall be disregarded by the courts in the construction of this act."

It is the contention of appellant that art. 5 and art. 13 in the act of March 7, 1911, Laws of 1911, p. 483, are independent provisions which relate to a different class of school districts as provided in said act, and that the provisions in sec. 47 of art. 5 have no application to the organization of an independent school district under the provisions of art. 13. While on the part of respondent it is contended that sec. 47 does apply to independent school districts, and that a petition for a new district to be created out of another district, whether the territory out of which such district is to be created is in fact an independent school district or a general school district, may be presented, signed by the parents or guardians of ten or more children of school age, who are residents of the proposed new district.

It appears from the language used and the provisions made of the subject matter that it was the intention of the legislature, at the time the legislative act of March 11, 1893 (Laws of 1893, p. 187), was enacted, to classify school districts to be created under the provisions of the act into two different classifications, and under each classification the specific acts and requirements for organization are specified and provided for, and this intention of the legislature is clearly indicated also by the language used by the legislature in sec. 35, chap. 5, and likewise in sec. 78 of chap. 11; that in the former the districts were to be created by the board of county commissioners upon petition, while under the latter the district is created by the county commissioners upon vote of the people. This construction of the act of March 11, 1893, Laws of 1893, p. 187, is further evidenced in the act of March 7, 1911, Laws of 1911, p. 483, by incorporating the provisions contained in the act of 1893, and referred to above as secs. 35 and 38 and those following, and indexing and titling chap. 5 as "School Districts," and following such designation with the words "(For Independent School Districts, see art. XIII)," and also incorporating in the act of 1911 as secs. 122 to 133 the provisions of secs. 78 to 84 of the act of 1893, and indexing and titling said article as follows: "Article XIII, Independent School Districts. Organization of Districts."

It will thus be seen that under the provisions of art. 5 school districts may be organized and created by the board of county commissioners upon petition, while under the provisions of art. 13 independent school districts are created by the board of county commissioners upon petition of one-fifth of all of those within the district who are qualified to vote at school elections, petitioning the board for the establishment of such district, and upon a vote of a majority voting. Art. 5 also prescribes the powers of the trustees of a school district, while art. 13 prescribes the corporate powers of the district, and likewise prescribes the powers of the trustees, and that the corporate powers conferred upon independent school districts are entirely different and in addition to the powers conferred upon the board of trustees. The independent school district is made a body corporate, and other powers are given to the district which are not given to school districts generally. Likewise different powers are given to an independent school district as to voting bonds and levying taxes, etc., and independent school districts are given additional powers greater than given other school districts in the adoption of courses of study in the schools of the district and the holding of examinations and the qualification of pupils and the adoption of text-books and employment of teachers, and the number employed, and the employment of superintendents, etc. From these various provisions it is apparent that the legislature intended to provide higher grades and more thorough instruction in independent districts than in general school districts. Independent school districts are required to have not less than $150,000 of taxable property, while general school districts, in order to be organized, are not required to have any taxable property whatever. So we think it is conclusive that the legislature intended to provide how two different kinds of school districts might be organized by the board of county commissioners, one upon petition and the other by a petition and vote; and that a general school district cannot be organized upon petition alone out of an independent school district, because that would destroy the force and effect of the provisions of the statute which provide for the organ-

ization of an independent school district. If it requires the vote of those within a proposed independent school district to create an independent school district, and such independent school district can be divided or the boundaries changed upon petition by the board of county commissioners, then the vote of the people for the organization of an independent school district would amount to nothing, as the commissioners could change the same and destroy it by petition alone.

It is argued upon behalf of respondent that if the boundary lines of an independent school district cannot be changed or altered upon petition as provided in art. 5, sec. 47, then there is no method prescribed by law by which the boundary lines of an independent school district can ever be changed, and for that reason the provisions of sec. 47, art. 5 should be applied to art. 13. It must be admitted that there is no provision in art. 13 for changing the boundary lines of an independent school district, but that is no reason why this court should read into art. 13 provisions of the statute which apply only to general school districts in order to supply the lack of legislation upon this subject. The legislature by proper act can supply this omission and make provision for changing the boundary lines of independent school districts, but this court does not possess legislative functions and cannot act as a legislative body.

It is argued that this will be a great hardship to the school patrons within the territory sought to be taken from Independent School District No. 2 and authorized to be organized into School District No. 33, as adjudged by the judgment of the trial court. This may be regretted, and it may be unfortunate for those patrons, but this is not a reason why the court should legislate upon the subject. They are a part of Independent School District No. 2, and so far as the record in this case is concerned, it is presumed that they participated in organizing and maintaining the same, and that they are within the boundaries of such district by their own choice, and because times have changed and the patronage of the school has increased and conditions have arisen which make it more convenient to have a new district created, and a

schoolhouse erected, is not a reason why this court should set aside the provisions of the law and provide a means by which they may sever themselves from the district, and have a new district created. This may be a very appropriate and strong argument to address to the legislature, but it does not appeal to this court.

It appears from the briefs of counsel for both appellant and respondent, and from their oral argument, that they have been unable to find any authorities bearing upon the law of this case, and this court upon its examination of the act involved has been unable to find any case discussing the statutes of similar provisions. This arises out of the fact that the matter in dispute is purely one which arises out of the form of an act and the language used in the act and the relation the different provisions bear to other provisions, and the harmonizing of the entire act.

It is a general rule of law that in construing a statute the court should take into consideration the reason for the law,— that is, the object and purpose of the same, and the object and contemplation of the legislative body in enacting the same. (*Greathouse v. Heed,* 1 Ida. 494; *Idaho Mutual etc. Co. v. Myer,* 10 Ida. 294, 77 Pac. 628; *Barton v. Schmershall, ante,* p. 562, 122 Pac. 385; 26 Am. & Eng. Ency. of Law, 2d ed., 597; 36 Cyc. 1106–1110.)

Applying this rule to the act of March 11, 1893, Laws of 1893, p. 187, and the act of March 7, 1911, Laws of 1911, p. 483, it is apparent that the legislature was intending by the provisions embodied in said acts to cover the entire subject of organization, government and regulation of the common schools of Idaho, and that in such acts a classification is made of school districts, and that this classification is made by the provisions of art. 5 and art. 13 of the act of 1911; and that in making this classification the manner of organization of each class of school districts is specially provided for in each separate article, and that in so far as the organization and government of said districts is concerned, it was the intention of the legislature to provide separately and distinctly for each in the respective articles, and that the provisions of

art. 5 in no way apply to or govern the provisions of art. 13 as to the organization of independent school districts.

The judgment is *reversed* and the trial court is directed to enter judgment setting aside the action of the board of county commissioners authorizing the creation of Common School District No. 33 out of a part of Independent School District No. 2 of Lewis county, Idaho.    Costs awarded to the appellant.

Ailshie and Sullivan, JJ., concur.

Petition for rehearing denied.