(December 31, 1915.)

# E. H. BUCK, Appellant, v. BOARD OF TRUSTEES OF ST. MARIES INDEPENDENT SCHOOL DISTRICT NO. 1, IN BENEWAH COUNTY, and ST. MARIES INDEPENDENT SCHOOL DISTRICT NO. 1, IN BENEWAH COUNTY, Respondents.

[154 Pac. 372.]

STATUTES PASSED AT SAME SESSION OF LEGISLATURE—CONSTRUCTION—CONFLICT—WHICH SHOULD PREVAIL.

1. Where petitioner seeks to take advantage of a subdivision of an act which, among other things, provides that when an independent school district shall employ a specified number of teachers it shall be known as an independent school district of class A, but fails to allege the number of teachers employed in said district; *held,* that the petition is bad on demurrer.

2. Where an act of the legislature is sought to be amended by two acts passed at the same session of a subsequent legislature, and it appears that the two amendatory acts conflict and are irreconcilable with each other, but the latter amendatory act and the original act are reconcilable, for the purpose of determining the intention of the legislature the first amendatory act will be deemed to have been superseded and repealed by the latter.

[As to construction together of contemporary statutes *in pari materia,* see note in Ann. Cas. 1915A, 186.]

3. *Held,* that the trial court did not err in holding that subdiv. B, of sec. 129, chapter 159, Sess. Laws 1911, as re-enacted by Sess. Laws 1913, chapter 115, p. 450, which includes sec. 3, was superseded and repealed by chapter 159, Sess. Laws 1913, p. 527.

4. *Held,* that the action of the trial court in sustaining the demurrer to the petition of appellant and dismissing the action was not error.

APPEAL from the District Court of the Eighth Judicial District for Benewah County. Hon. R. N. Dunn, Judge.

On *mandamus* to compel the reinstatement of a teacher, see note in 49 L. R. A., N. S., 62.

Generally on *mandamus* to restore to office one who has been illegally removed, see note in 19 L. R. A., N. S., 49.

Action for *mandamus*, to reinstate school superintendent under subdiv. B, sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, chap. 115, p. 450. Judgment for defendants. *Affirmed.*

Taylor and Hull, for Appellant.

In the case of *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965, this court has held that in construing conflicting statutes passed in the same session of the legislature the court will take cognizance of the proceedings of the legislature as shown by the House and Senate journals in determining the intention of the legislature. (See, also, *Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529.)

An examination of the journals of the legislature of 1913, with reference to the two conflicting statutes under discussion, proves conclusively that the legislature in passing chapter 159 did not intend to repeal or supersede chapter 115.

A section of the statute should be construed in the light of the purpose for which the legislature enacted the particular act of which such section is a part, and any inconsistent contemporaneous statutes must be construed together, and if possible effect given to both. (*Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579; *Oneida County v. Evans*, 25 Ida. 456, 138 Pac. 337; *State ex rel. Washington W. Power Co. v. Savidge*, 75 Wash. 116, 134 Pac. 680; *Fremont County v. Brandon*, 6 Ida. 482, 56 Pac. 264; *White v. City of North Yakima*, 87 Wash. 191, 151 Pac. 645, and authorities cited.)

All the facts stated in the relator's affidavit or petition must, for the purpose of the demurrer, be considered as true. (*Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; *Frontier Milling etc. Co. v. Roy White etc. Mercantile Co.*, 25 Ida. 478, 138 Pac. 825.)

The affidavit or petition alleges that the defendant school district is and was an independent school district of class A, which is an ultimate fact, and the evidence establishing that fact need not be plead. It is an established rule of pleading that probative facts and matters of evidence need not be set forth. (*McLean v. Lewiston*, 8 Ida. 472, 69 Pac. 478.)

W. D. Keeton, John P. Gray, W. F. McNaughton and C. H. Craig, for Respondents.

In *mandamus* cases the petition for the writ must set forth with as much, or more, particularity the facts upon which the writ is claimed as is required in an ordinary action. (*Watkins v. Huff* (Tex. Civ?), 63 S. W. 922; *Dane v. Derby*, 54 Me. 95, 89 Am. Dec. 722; *Arberry v. Beavers*, 6 Tex. 457, 55 Am. Dec. 791; *Bank of Nocona v. March* (Tex. Civ.), 51 S. W. 266.)

"In case of an irreconcilable conflict between two statutes passed at the same legislature, the statute which was last approved by the Governor shall prevail, the approval by the Governor being the last act in the process of legislation." (*Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965.)

It is necessary to allege the ultimate facts which make a distinct and independent district (Class A), and until this is done the petition is subject to general demurrer for want of sufficient facts. (*Burkhart v. Reed*, 2 Ida. 503, 508, 22 Pac. 1; Sutherland, Code Pl. and Pr., par. 240; *Hester v. Thomson*, 35 Wash. 119, 76 Pac. 734; *First Nat. Bank v. Lewinson*, 12 N. M. 147, 76 Pac. 288.)

BUDGE, J.—This action was brought by appellant Buck for a writ of mandate directing the board of trustees of St. Maries School District No. 1 in Benewah county, to reinstate him as superintendent of schools in that district. The respondents filed a general and special demurrer to the petition, which demurrer was sustained by the trial court. Thereupon appellant refused to plead further and elected to stand on his original petition; whereupon judgment of dismissal of the action was entered. This is an appeal from the judgment.

The petition for writ of mandate alleges that on August 31, 1914, and for some time prior thereto and at all times mentioned in the petition, the city of St. Maries and a portion of the surrounding territory did and now does constitute an independent school district of class A, known as St. Maries Independent School District No. 1 in Benewah county,

Idaho; that on said date and during all the times mentioned in the petition appellant Buck was the holder of a valid teacher's certificate authorizing him to teach in both the grade and high schools of the state of Idaho; that on the thirty-first day of August, 1914, the said school district, through its board of trustees, entered into an agreement or contract with appellant whereby he was employed and appointed to act as superintendent of schools in and for said school district, for a term of three years commencing with the school year, September 1, 1914; that said contract or agreement was made pursuant to sec. 3 of subdivision B, of sec. 129, contained in sec. 17, chap. 115, Sess. Laws 1913, p. 449, by virtue of which statutory provision appellant became *ex officio* the executive officer of said board of trustees; that pursuant to said contract and agreement, appellant proceeding in good faith entered upon the discharge of his duties as superintendent of schools in said school district and as *ex-officio* executive officer of said board of trustees, and did in a faithful, competent, careful, skillful and moral manner act as such superintendent of schools in and for such school district, and as such executive officer during the school year of 1914–15, receiving therefor the consideration specified in said agreement; that on or about April 5, 1915, said school district, acting by and through its board of trustees, attempted to discharge appellant without cause, and did cause him to be notified that after the close of the school year of 1914–15 his services as superintendent of schools would no longer be desired by said school district, but did not attempt to discharge this appellant at any regular meeting of said board of trustees; and that said school district, acting by and through its board of trustees or otherwise, did not discharge or attempt to discharge appellant on the grounds that he had been guilty of incompetency, immorality or gross neglect of said duties, but attempted to discharge him without a good and valid reason therefor and without specifying any reason whatsoever.

The complaint further alleges that under the provisions of the Session Laws of 1913, p. 450, appellant is given an

absolute right by statute to be discharged only upon the ground that he has been guilty of incompetency, immorality or gross neglect of duty, and upon one or all of such grounds alone, but for no other reason or cause.

The petition alleges that appellant has not been guilty of either or any of said grounds and that his discharge was unauthorized, illegal and wrongful and in excess of the powers granted to said school district, and prevents the use and enjoyment by appellant of the rights to which he is entitled.

Petition further alleges that on June 2, 1915, the appellant demanded of the board of trustees of said school district that he be reinstated as superintendent of the schools of said district, which demand the board of trustees refused.

Appellant alleges that he complied faithfully with all the terms and provisions of his agreement and stands ready at all times to perform, comply with and undertake the duties of superintendent of schools of said district and *ex-officio* executive officer of the board of trustees, and that he has no plain, speedy or adequate remedy at law.

This case comes before this court on appeal involving a question of law raised by the general and special demurrer as to the sufficiency of the petition, and may be determined, so far as the action of the trial court is concerned in sustaining the demurrer and dismissing the petition, upon the sole ground of whether subdivision B, of sec. 129, chapter 159, Sess. Laws 1911, as amended by sec. 17, chapter 115, Sess. Laws 1913, p. 450, was in force and effect at the time the contract or agreement between appellant and the board of trustees of St. Maries Independent School District No. 1 in Benewah county was entered into. If it was not in force at that time, the question whether the proceeding of *mandamus* instituted by appellant is the proper remedy need not be determined here.

Subdivision B, *supra,* was first enacted by the legislature during the eleventh session, and is to be found in the Session Laws of 1911 at page 532, and provides:

"When an independent school district shall employ thirty-five (35) or more teachers, it shall be known as an Independ-

ent School District of Class A, and shall have, in addition to the above enumerated powers and duties, the following special powers and duties: . . . .

"3. To employ a superintendent of schools for a term not to exceed three (3) years, who shall be the executive officer of the board, with such powers and duties as they may prescribe, together with such powers and duties as are now or may hereafter be prescribed by the laws of the state, to fix, allow·and order paid his salary, and to discharge said superintendent for incompetency, immorality, or gross neglect of duty."

At the twelfth session of the legislature sec. 129, chapter 159, Sess. Laws 1911, was amended, and subdivision B was re-enacted practically *verbatim* (Sess. Laws 1913, p. 450), the only change being that the number of teachers necessary to constitute a class A district was reduced to twenty. This act was signed by the governor on March 10, 1913.

At the same session of the legislature, sec. 129, *supra,* was again amended, and the number of teachers necessary to constitute a class A district, as shown in subdivision B (Sess. Laws 1913, p. 528), was increased to thirty-five, being the original number provided by the eleventh session, *supra.* This last act was signed by the Governor on March 12, 1913.

The demurrer in this case assailed the petition on the ground that the number of teachers employed in the respondent district was not set up in the petition. In order to bring appellant within the provisions of subdivision B, sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, chap. 115, p. 450, or of subdivision B, sec. 129, *supra,* as amended by Sess. Laws 1913, chap. 159, p. 528, we think it was absolutely necessary for him to allege in his petition the number of teachers employed in the district by which he was employed to act as superintendent, and that the petition was subject to demurrer on this point. If the district did not employ the number of teachers provided for under the act, it would not be classified as an independent school district of class A.

The trial court held that subdivision B of sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, chap. 115, p. 450, was not the law at the time the contract was entered into between appellant and respondent, because it was in direct conflict with subdivision B of sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, chap. 159, p. 528.   Going further it will be seen from a comparison of sec. 17, chap. 115, Sess. Laws 1913, p. 449, with chapter 159, Sess. Laws 1913, p. 527, in both of which enactments sec. 129, chapter 159, Sess. Laws 1911 was amended, that there are conflicting provisions other than subdivision B.   In paragraph 3, subdivision A, of amended sec. 129, *supra* (chap. 115, Sess. Laws 1913, p. 449), respecting independent school districts generally, a maximum tax levy of twenty mills is provided for the payment of bonds, and in such school·districts as maintain rural school routes an additional levy of not to exceed ten mills is provided; while paragraph 3, subdivision A, of said amended section (chap. 159, Sess. Laws 1913, p. 527), provides a maximum tax levy for the payment of bonds of not to exceed ten mills, and an additional levy for the maintenance of rural school routes of not to exceed four mills.

It will thus be observed that there is an irreconcilable conflict between these two enactments of the 1913 session, not only touching the number of teachers to be employed in order to give an independent school district the dignity of standing in class A, but also in the matter of special tax levy for the purposes therein specified.   And it might be fairly assumed that when the legislature was dealing with the question of the levy of taxes, in view of the publicity that has been given in recent years to the burden of taxation in this state, that their attention was directed to this particular phase of the subject in the last enactment.   However, it appears to us that if the later enactment, *supra,* is to control in the matter of taxation, it would be unreasonable to hold that it did not apply to the number of teachers that an independent school district must employ in order to come within the class of independent school districts known as class A.

The amount of revenue that may lawfully be raised in any particular school district would necessarily control the number of teachers that could be employed by such district, and the salaries they could afford to. pay. It would be inconsistent to hold that it was the intention of the legislature to decrease the amount of revenue that an independent school district may collect, and at the same time confer upon it additional powers and duties that would necessarily involve larger expenditures. Or, stated differently, it is fairly inferable from the act decreasing the revenue of an independent school district that the legislature intended also to decrease the number of independent school districts in class A, thus reducing the expenses of those districts.

If the latter act in question governs in the matter of revenue, it should also control the action of the board of trustees of an independent school district as to all other matters. We cannot consistently reach the conclusion, in the face of a positive statute dealing with a matter of such great importance to the taxpayers residing within an independent school district, that the legislature inadvertently used the words thirty-five teachers, when it was their intention to provide for but twenty, no more than we could hold that they used the words ten mills in providing a maximum special levy for a given purpose, when they intended to say twenty mills. The presumption would naturally be that the legislature in reducing the special levies intended to restrict the class.

It may well be conceded, from a consideration of the two amendatory acts of 1913 of the act of 1911, that there is a doubt as to the real intention of the legislature in first reducing and then increasing the number of teachers in an independent school district of class A. However, it must be admitted that the two amendatory acts are directly in conflict and cannot be harmonized. And where such a condition exists, that is, where two acts are conflicting, it becomes necessary for this court to follow the rule it has heretofore applied in such cases.

In the case of *Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965, this court very aptly said: "In case of an irreconcilable conflict between two acts passed at the same legislature, the one should prevail which was last approved by the governor, the approval of the governor being the last act in the process of legislation. . . . . "

Sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, chap. 159, p. 527, confers upon trustees of independent school districts that are not in class A the power to employ or discharge teachers at will, while subdivision B of that section limits the power of boards of trustees of independent school districts of class A, where superintendents have been employed under proper contracts and who, by reason of such selection and employment, become the executive officers of said boards, to discharge such superintendents only for incompetency, immorality or gross neglect of duty.

It necessarily follows, therefore, that unless the respondent district employed thirty-five teachers, it was not, at the date the contract was entered into with the appellant, an independent school district of class A. That being true, the powers of the board of trustees of the respondent district were not limited or restricted so far as the removal of the appellant is concerned. (*Ewin v. Independent School Dist. No. 8,* 10 Ida. 102, 77 Pac. 222; *Hermann v. Independent School Dist. No. 1,* 24 Ida. 554, 135 Pac. 1159.)

On an examination of sec. 129, chapter 159, Sess. Laws 1911, and the amendment thereof in the Sess. Laws 1913, chapter 159, p. 527, we find that the latest act reduces the revenue, as heretofore stated, and leaves the number of teachers to be employed in an independent school district in order that the district shall be known as an independent district of class A, at thirty-five as in the original act. The reduction of taxation is clearly provided for, and the latter law as amendatory of the former is uncontradictory and reconcilable with the 1911 act, while the amendment of section 129, *supra,* by the Sess. Laws of 1913, chapter 115, p. 449, conflicts with the act subsequently passed by the twelfth session at pages 527 and 528, and also with act of the 1911 session at page 531.

We do not think this court would be authorized to accept certain amendatory provisions of the act approved by the governor on March 10, 1913, and found at page 449, Sess. Laws 1913, and reject the balance, and adopt certain amendments of the act approved March 12, 1913, found at page 527, Sess. Laws 1913, and reject the balance, when we can take the latter amendment and compare it with the law sought to be amended, viz., sec. 129, chapter 159, 1911 Sess. Laws, p. 531, and reconcile them. We have, therefore, after a careful consideration, reached the conclusion that the trial court did not err in holding that subdivision B of sec. 129, chap. 159, Sess. Laws 1911, as amended by Sess. Laws 1913, p. 449, which includes sec. 3 relied on in paragraphs 3 and 4 of appellant's petition, was superseded and repealed by chapter 159, Sess. Laws 1913, p. 527, and that the action of the trial court in sustaining the demurrer to appellant's petition was not error. The judgment of the trial court in sustaining the demurrer and in dismissing the petition of appellant is affirmed. Costs are awarded to respondents.

Sullivan, C. J., and Morgan, J., concur.