Points Decided.

(October 26, 1917.)

## Z. T. CLAY and HERMAN ERICKSON, Appellants, v. BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY, Respondents.

[168 Pac. 667.]

SCHOOL DISTRICTS—CONSOLIDATED SCHOOL DISTRICTS—EVIDENCE—BOARD OF COUNTY COMMISSIONERS—POWERS OF—COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION—ESTOPPEL.

1. On an appeal to the district court from an order made by the board of county commissioners, extrinsic evidence is admissible to determine upon which petition the county commissioners acted.

2. Where a board of county commissioners has consolidated two adjacent school districts, a succeeding board may, upon proper proceedings, divide the same.

3. A district formed by the union of two or more existing districts does not occupy any different position after consolidation and is not invested with any different or additional powers than a district created from unorganized territory.

4. Where a school district has been organized by an order of the board of county commissioners, a future board has express statutory power to change the boundaries or divide the district upon a proper petition therefor being presented.

5. The recommendation of the superintendent of public instruction in writing is not necessary to give the board of county commissioners jurisdiction to divide a school district.

6. An appeal to the district court from an order made by the board of county commissioners must be predicated upon the existence of such an order, and, upon the trial in the district court, the appellant cannot be heard to say that the order appealed from did not represent any action of the board.

[As to meaning of "adjacent" in statute relating to annexation to school district, see note in Ann. Cas. 1913B, 171.]

APPEAL from the District Court of the Ninth Judicial District, for Madison County.   Hon. James G. Gwinn, Judge.

Appeal from an order of the board of county commissioners creating a new school district.   Judgment for defendants. *Affirmed.*

C. W. Poole, for Appellants.

If it be held that the provisions of the statute embrace within their terms this class of districts, they being formed only upon the petition of the majority of heads of families, jurisdiction to dismember, segregate or disorganize them could be conferred only by petition of two-thirds of the heads of families, as provided in the law. (*Wood v. Independent School Dist.*, 21 Ida. 734, 124 Pac. 780.)

If the order had been made by the board while sitting in session, it would be effective without the chairman's signature, but not having been made by the board, and being only an act of the clerk, though all of the members gave their separate or individual sanction to it, it would still be invalid, as not being the act of the board. (*Rankin v. Jauman*, 4 Ida. 394, 39 Pac. 1111; *Miller v. Smith*, 7 Ida. 204, 61 Pac. 824; *Conger v. Latah County Commrs.*, 4 Ida. 740, 48 Pac. 1064; 11 Cyc. 391, 392; *Mahr v. Pottawomie County Commrs.*, 26 Okl. 628, 110 Pac. 751.)

Extrinsic evidence is not admissible to vary or explain this record. (*Gorman v. Boise County Commrs.*, 1 Ida. 553; *Ex parte Young*, 154 Cal. 317, 97 Pac. 822, 22 L. R. A., N. S., 330; 17 Cyc. 582.)

Soule & Soule, for Respondents.

"The legislature intended to provide how two different kinds of school districts might be organized by the board of county commissioners, one upon petition and the other by a petition and vote." (*Wood v. Independent School Dist.*, 21 Ida. 734, 124 Pac. 780.)

In this instance it was not sought to vary the public record, but simply to explain and identify it, and this is permissible under all the authorities. (17 Cyc. 587.)

If the members present agree to and approve the passing of the petition, it is passed as effectively as if done upon formal motion. The statute does not require the minutes of the board to be approved by the board at any meeting or while in session. The only requirement is that the chairman and

clerk sign the minutes. (*People v. Eureka Lake & Y. C. Co.,* 48 Cal. 143.)

It is the consent, sanction and approval by signing that gives legal life and vitality to the order and not the formality with which it was passed. (11 Cyc. 394; *Rock v. Rinehart,* 88 Iowa, 37, 55 N. W. 21.)

RICE, J.—This is an appeal from a judgment of the district court affirming the action of the board of county commissioners of Madison county in organizing school district No. 39 out of a portion of the territory embraced in school district No. 12 of said county. It appears that a petition for the formation of a new school district was filed with the superintendent of public instruction of Madison county on June 15, 1914. The petition was accompanied by a map. Proper notice was given of the hearing of the petition before the board of county commissioners at its next regular session in July. This petition and map were presented to the board on July 14, 1914. The county superintendent appeared personally before the board, and verbally approved the petition and recommended some modification of the proposed boundaries.

Appellants specify as error the admission of this petition in evidence upon the hearing in the district court. The error is predicated upon the proposition that from the record of the proceedings of the commissioners the identification of the petition upon which the commissioners took action does not clearly appear. On the trial in the district court evidence was received to identify the petition as the one which was the subject of action by the commissioners. The admission of this evidence was proper. On the general subject of the admission of extrinsic evidence to identify papers or records, see 10 R. C. L. 1083. The findings of the trial court set out the petition at length, and found that the petition referred to is the one on which the board of commissioners acted. Exhibit "A" was properly received in evidence.

The appellants further urge that the board of commissioners had no jurisdiction or power to grant the petition. In

support of this contention it is shown that district No. 12, out of which it was proposed to create the new district, had been formed on April 13, 1911, at a time when the territory was still within the county of Fremont, by the consolidation of two school districts of that county. The consolidation of these districts was effected by an order of the board of commissioners of Fremont county, acting under authority of sec. 615, Rev. Codes. It is urged that this section required the petition of a majority of the heads of families residing in each of the two districts in order that they might be united into one district, and that this district so formed is a "consolidated school district." Attention is called to the fact that the substance of sec. 615, Rev. Codes, was re-enacted into the school code of 1911 (sec. 47 of chap. 159, 1911 Sess. Laws, p. 500); that this section was amended by the 1913 Sess. Laws, p. 437, by which amendment such consolidated school districts were given an unquestioned legal standing. Counsel for respondents contend that the section last referred to requires the indorsement of the state board of education before any district can be recognized as a "consolidated district," and that no such indorsement was shown to have been made.

The said sec. 47, School Code 1911, was again amended by chap. 119, 1913 Sess. Laws, p. 462. In *Carlson v. Mullen,* 29 Ida. 795, 162 Pac. 332, this court held that this latter amendment contains sec. 47 as now in force. Said sec. 47 as now amended makes no reference to consolidated districts. It is true that sec. 67, School Code 1911, 1911 Sess. Laws, p. 511, makes reference to "districts organized under the consolidated plan," but that section has no bearing upon the matters before the court.

It is argued that since it required a majority of the heads of families residing in each of the two districts to confer jurisdiction upon the board of commissioners to combine such districts into one district, to permit a succeeding board of commissioners to create a new district out of a portion of the territory so combined would destroy the object of the law. We cannot agree with this contention. The different provisions of sec. 47 grant power to the boards of county com-

missioners to create new districts, to change the boundaries of existing districts, or to unite two or more districts, lying contiguous, into one district. A district formed by the union of two or more existing districts does not occupy any different position after the consolidation and is not invested with any different or additional powers. The law confers upon boards of county commissioners the power to create new districts, whether they be created from unorganized territory or in part from territory embraced within the boundaries of one or more districts, upon a petition signed by the parents or guardians of fifteen or more children of school age who are residents of the proposed new district. The petition in this instance was sufficient, and conferred upon the board of county commissioners power to create the new district prayed for.

There is nothing in the case of *Wood v. Independent School Dist. No. 2,* 21 Ida. 734, 124 Pac. 780, cited by appellants, to support their contention. In that case the court held that the board could not change the boundaries of an independent school district on petition. In the course of its opinion the court said: ''If it requires the vote of those within a proposed independent school district to create an independent school district, and such independent school district can be divided or the boundaries changed upon petition by the board of county commissioners, then the vote of the people for the organization of an independent school district would amount to nothing, as the commissioners could change the same and destroy it by petition alone.''

In the case at bar the district which it was proposed to divide was not created by a vote of the people, but by the action of the board of commissioners, and the statute nowhere prohibits a future board from changing the boundaries or dividing the district upon a proper petition therefor being presented. On the contrary, the statute expressly confers the power.

Error is assigned as to the action of the court in permitting the county superintendent to testify as to whether or not he approved of or recommended the creation of the school

district prayed for in the petition. It is urged that the statute requires his approval or disapproval of the petition to be in writing and to become a part of the record.

The statute referred to is a portion of sec. 48, chap. 159, Se-s. Laws 1911, p. 501, and is as follows:

". . . . The Superintendent must transmit the said petition to the said Board with his approval or disapproval, and, if he approve the same, he may note such change in the boundaries as in his judgment shall be for the best interests of all parties concerned."

This statute does not require the recommendation of the superintendent to be in writing. The board of commissioners is not bound by the recommendations made by the superintendent, but may act in a manner directly contrary thereto. It cannot be held that the recommendation of the superintendent in writing is necessary to give the board jurisdiction to act.

The appellants also assign as error the finding of the district court to the effect that the board of commissioners made and entered the order from which the appeal was taken to the district court. At the trial in the district court the appellants introduced testimony in support of their contention that the order appealed from as it appeared in the minutes of the board did not represent any action of the board, but, on the contrary, was the act of the clerk only; that the board took no action while in session, but at the time of adjournment the chairman of the board when asked by the clerk as to what action it was going to take on the petition informed him that it would pass it; that the clerk thereupon proceeded to make a pencil notation of the action the chairman of the board said would be taken, and several days later made up a written order from his penciled notation, and that some time subsequently the minute was signed by the chairman. Appellants contend that the clerk wrote up the order without authority.

It would be sufficient answer to this assignment of error to hold that other testimony was introduced at the trial sufficient to warrant the trial judge in making the finding complained of. We think, however, that the appellants are

estopped from urging this assignment.  They appealed from a certain order of the board to the district court, setting out the order appealed from *in haec verba.*  Unless the order appealed from was in fact the order of the board, the appeal must fail and the district court had no jurisdiction to proceed with the hearing.  It is true that the appeal is a direct attack on the order, and the validity of an order appealed from may be questioned on appeal by showing lack of jurisdiction in the board to make the order, or by showing irregularity in the proceedings which culminated in the order appealed from, but every appeal must be predicated upon the existence of an order from which the appeal is taken.

Sec. 1953, Rev. Codes, provides that upon the appeal the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified.  If that which is appealed from is as a matter of fact not an order of the board, but a mere interpolation in the record by the clerk, the court could not affirm, reverse or modify, but could only dismiss the appeal.

Having by their own act in appealing from the order of commissioners set the district court in motion to hear the matter anew, and having themselves brought the record into the district court, the appellants cannot be heard during the proceedings on appeal to urge the nonexistence of the order appealed from.  To permit such a proceeding would be in effect to permit a collateral attack upon the order under the guise of a direct attack.

The judgment is affirmed.  Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.