(December 2, 1918.)

JOHN A. WHEELER, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF BINGHAM COUNTY, IDAHO, Respondents.

[176 Pac. 566.]

SCHOOL DISTRICTS—CREATION—DIVISION.

> A petition for the creation of a school district by the division of one district only must, in order to authorize the board of county commissioners to create the same, be signed by at least two-thirds of those who are heads of families and residents of the district to be thus divided.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Order affirming an order of the board of county commissioners creating a school district. *Reversed.*

John W. Jones, for Appellant.

Section 47b, chap. 159, Sess. Laws 1911, as amended by chap. 119, Sess. Laws 1913, at p. 462, subdivision (b), is constitutional, and applicable to the organization of school districts. (*Carlson v. Mullen,* 29 Ida. 795, 162 Pac. 332.)

Thomas & Anderson, for Respondents.

The petition for the creation of a school district out of the territory of one district is sufficient if signed by the parents or guardians of fifteen or more children of school age. (*Carlson v. Mullen,* 29 Ida. 795, 162 Pac. 332.)

MORGAN, J.—This is an appeal from an order of the district court affirming an order of the board of county commissioners of Bingham county creating school district No. 64 of territory theretofore embraced wholly within the boundaries of school district No. 28.

Appellant questions the sufficiency of the number of signers of the petition for the creation of the new district. It was signed by the parents, or guardians, of more than fifteen children of school age who resided therein, but not by two-thirds of the heads of families residing in district No. 28.

By Sess. Laws 1911, chap. 159, a code with respect to the public school system of Idaho was. adopted, and subd. (b), sec. 47 thereof (Sess. Laws 1911, p. 500), states the requirements of petitions for the creation of new districts, and for the change in boundaries of those already existing, as follows: "A petition for a new district shall be sufficient if signed by the parents or guardians of ten (10) or more children of school age who are residents of the proposed new district, and no further signers shall be required. In all other cases, . . . . proposing a change of boundaries of any district, the petition therefor must be signed by at least two-thirds (⅔) of those who are heads of families and residents of each of the districts whose boundaries will be affected by the change. . . . . "

By Sess. Laws 1913, chap. 115, sec. 4, p. 436, that law was amended so as to read: "A petition for a new district to be created out of unorganized territory, or to be created by the division of one district only, shall be sufficient if signed by the parents or guardians of ten (10) or more children of school age who are residents of the proposed new district, and no further signers shall be required. In all other cases . . . . proposing a change of boundaries of any district, the petition therefor must be signed by at least two-thirds (⅔) of those who are heads of families and residents of each of the districts whose boundaries will be affected by the change. . . . . "

By Sess. Laws 1913, chap. 119, p. 462, sec. 47, chap. 159, Sess. Laws 1911 was again amended, so that subd. (b) thereof now provides: "A petition for a new district, whether to be created from unorganized territory or in part from territory embraced within the boundaries of one (1) or more school districts . . . . shall be sufficient if signed by the parents or guardians of fifteen (15) or more children of school age who are residents of the proposed new district, and no further signers shall be required. In all other cases, . . . . proposing a change of boundaries of any district, the petition therefor must be signed by at least two-thirds (⅔) of those who are heads of families and residents of each of the districts whose boundaries will be affected by the change. . . . . "

It appears to be conceded, and correctly so, that the requirements of subd. (b) expressed in chap. 119, Sess. Laws 1913, having been last approved by the Governor, will prevail over that subdivision in chap. 115, above noted, and is the law upon the point here under consideration. In *Buck v. Board of Trustees*, 28 Ida. 293, 154 Pac. 372, this court said, quoting from *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965: "In case of an irreconcilable conflict between two acts passed at the same legislature, the one should prevail which was last approved by the Governor, the approval of the Governor being the last act in the process of legislation."

Our duty in this case is narrowed down to a determination of whether it was the legislative intent, in enacting the law last above quoted, to require a petition signed by two-thirds of those who are heads of families and residents of a school district in order to authorize the board of county commissioners to divide it and create a new district out of a part of its territory, or whether that may be done by a petition signed by the parents, or guardians, of fifteen or more children of school age who are residents of the proposed new district.

Subd. (b), as it appears in chap. 115, Sess. Laws 1913, amended that subdivision appearing in chap. 159, Sess. Laws 1911, in this particular: While the 1911 act permitted the parents, or guardians, of ten or more children of school age,

who are residents of a proposed new school district, to petition to create it the amendatory act added the further requirement that the territory to be embraced therein must have been theretofore unorganized, or the new district must be created by the division of one existing district only. Subd. (b) of that section appearing in chap. 119, Sess. Laws 1913, being, as above stated, the last legislative expression upon the subject and the law which governs this case, further amended the law by requiring that the petition be signed by the parents, or guardians, of fifteen or more children of school age, who are residents of the proposed new district, and by permitting such district to be formed either wholly from unorganized territory, or in part from territory embraced within the boundaries of one or more school districts. It repealed the then existing law permitting the creation of a new school district, by the division of but one district, upon petition of the parents or guardians of ten children of school age and prohibits the county commissioners from thus creating it except upon petition by at least two-thirds of those who are heads of families and residents of the district to be divided.

The petition in this case is insufficient, in that it is not signed by the required number of qualified petitioners, and the order appealed from is reversed with direction to the district court to reverse the order of the board of county commissioners. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.