(June 26, 1919.)

## RURAL HIGH SCHOOL DISTRICT No. 1 and GLENN O. SEWELL, Appellants, v. SCHOOL DISTRICT No. 37 et al., Respondents.

[182 Pac. 859.]

STATUTES — CONSTRUCTION OF — PERSONS ENTITLED TO APPEAL — TAX-PAYER—PARTY AGGRIEVED.

1.  Sess. Laws 1911, chap. 159, secs. 194 and 195 (sec. 195 now being C. L., sec. 38:311), which repeal all acts or parts of acts in conflict therewith, and declare that said act is intended to constitute a complete code and system for the government and regulation of common schools without reference to or aid from other laws, do not repeal statutes providing for review on appeal of actions of boards of county commissioners relating to school questions.

2.  In construing a statute, the court should take into consideration the reason of the law, that is, the object and purpose of the

same and the object in contemplation of the legislative body in enacting the same.

3. A taxpayer of a school district who has failed to appeal to the district court from an order of the board of county commissioners, affecting such district, or to appear in the district court at any stage of the proceedings, is not a party aggrieved within the meaning of C. L., sec. 4802, and cannot appeal to this court from the final judgment of the district court.

4. On an appeal to this court, the record itself must disclose that one assuming to take an appeal is an aggrieved party and has a right to appeal to this court.

5. Where the board of county commissioners makes an order under C. L., sec. 38:243, segregating a school district from a rural high school district, the rural high school district is a party aggrieved in contemplation of C. L., secs. 1950 and 4802, and may appeal from the said order of the district court and from the judgment of the district court to this court.

[As to necessity that appellant be prejudiced, see note in 119 Am. St. 747.]

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Motion to dismiss the appeal. Granted as to appellant Glenn O. Sewell, and denied as to appellant Rural High School District No. 1.

Fred E. Butler, for Appellants, cites no authorities on points decided.

Eugene O'Neill and Lawrence E. O'Neill, for Respondents.

Under the common law no right of appeal existed, and the right of appeal cannot be extended to cases not within the statute. (*General Custer Mining Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Weiser Irr. Dist. v. Middle Valley Irr. Ditch Co.,* 28 Ida. 548, 155 Pac. 484.)

The parties aggrieved within the meaning of the statute who are entitled to appeal are the parties against whom an appealable order or judgment has been entered. (Hayne, New Trial and Appeal, 1st ed., p. 612.)

RICE, J.—A petition was presented to the board of county commissioners of Nez Perce county, seeking segregation of School District No. 37 from Rural High School District No. 1. The prayer of the petition was granted by order of the board, and the high school district appealed therefrom to the district court. After a hearing, the district court entered final judgment affirming the order of the commissioners, whereupon the high school district and Glenn O. Sewell, who represents in the notice of appeal that he is a taxpayer, residing in Nez Perce county, state of Idaho, and in Rural High School District No. 1, appealed to this court. Sewell made his first appearance in the case by the notice of appeal to this court. The case is now before this court on motion to dismiss the appeal, the motion being based upon the ground, first, that the order of the commissioners is nonappealable; and second, that the appellants have no appealable interest.

The segregation was sought under and by authority of what is now C. L., sec. 38:243. Respondents contend that Sess. Laws 1911, secs. 194 and 195, p. 557 (sec. 195 now being C. L., sec. 38:311), preclude an appeal from any action of the board of county commissioners taken on the petition. These sections read as follows:

"Sec. 194: All acts or parts of acts in conflict with this act are hereby repealed.

"Sec. 195: This act is intended to constitute a complete code and system for the government and regulation of the common schools of Idaho, and is intended to be complete in itself, without reference to or aid from other laws; and all acts or parts of acts which modify or tend to modify this act or any part thereof shall be disregarded by the courts in the construction of this act."

It is argued that by virtue of the foregoing sections, since no appeal from the action of the board of county commissioners in the matter under consideration is provided for in the act constituting the school code, C. L., sec. 1950, which provides generally for appeals from the actions of boards of county commissioners, is void in so far as this appeal is concerned; that there being no authority in law for the appeal

taken in the first instance to the district court, there is no power in this court to hear the appeal from the district court.

Appeals from actions of boards of county commissioners, taken under different sections of this chapter, have been entertained by this court in the cases of *Wood v. Independent School Dist. No. 2*, 21 Ida. 734, 124 Pac. 780; *Fenton v. Board of County Commrs.*, 20 Ida. 392, 119 Pac. 41; *Clay v. Board of County Commrs.*, 30 Ida. 794, 168 Pac. 667, and *Wheeler v. Board of County Commrs.*, 31 Ida. 766, 176 Pac. 566.

In *Wood v. Independent School Dist. No. 2, supra,* it is said:

"It is a general rule of law that in construing a statute, the court should take into consideration the reason for the law,— that is, the object and purpose of the same, and the object in contemplation of the legislative body in enacting the same. (*Greathouse v. Heed,* 1 Ida. 494; *Idaho Mut. etc. Co. v. Myer,* 10 Ida. 294, 77 Pac. 628; *Barton v. Schmershall,* 21 Ida. 562, 122 Pac. 385; 26 Am. & Eng. Ency. of Law, 2d ed., 597; 36 Cyc. 1106–1100.)"

The sections relied upon by respondents have no reference to appeals from actions of boards of county commissioners, or to court procedure. What they aim to do is to repeal all laws, enacted prior thereto, which conflict with the provisions of the school code in relation to matters provided for in the school code, and in general having relation to the creation of school districts, the government, management and support thereof, and of the public schools.

An appeal lies in this case under the provisions of C. L., sec. 1950.

It is next contended that these appellants have no appealable interest. C. L., sec. 1950, reads in part as follows:

"Sec. 1950: . . . . An appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county, or when he deems any such act, order or proceeding illegal or prejudicial to the public interests; . . . . "

Assuming that Sewell is a taxpayer, residing within Rural High School District No. 1, he might have appealed from the order of the board to the district court. Not having so appealed, his qualification must be determined by C. L., sec. 4802, which relates to appeals from the district court to the supreme court, and which provides that "any party aggrieved may appeal in the cases prescribed in this code."

In the cases of *Washington County Abstract Co. v. Stewart*, 9 Ida. 376, 74 Pac. 955, and *State v. Eves*, 6 Ida. 144, 53 Pac. 543, it was held that a person not a party to the record may be an aggrieved party within the meaning of the section last above quoted, and have the right of an appeal to this court. It is clear, however, that the record must disclose the facts showing that one attempting to appeal to this court is an aggrieved party within the meaning of the statute. The court cannot receive evidence outside of the record to determine this question.

The record failing to disclose that Sewell is a party aggrieved, within the meaning of C. L., sec. 4802, the motion to dismiss must be sustained as to him.

It is urged that the high school district has no appealable interest, because the statute under which the segregation was sought provides that the petition for segregation must show that "it is to the best interests of the said regularly organized school district to be segregated from the rural high school, to which said regularly organized district is joined"; that it is not contemplated by this law that the interest of the rural high school district from which separation is sought, or of any taxpayer therein and not a resident of the district seeking separation, can be considered.

This position does not present a sufficient reason for dismissing the appeal. Without assuming to express an opinion upon the soundness of this position as a matter of law, many other considerations might be urged as reasons why the judgment should be reversed. A rural high school district has a right to insist that any segregation of its territory shall be accomplished by legal methods, and has a right to have the

proceedings for such segregation reviewed by this court on proper appeal.

The motion to dismiss the appeal will be granted as to appellant Sewell; and denied as to appellant Rural High School District No. 1.

Morgan, C. J., and Budge, J., concur.