676 P.2d 727

**Ernie P. KNEE, Plaintiff-Appellant,**

v.

**SCHOOL DISTRICT NO. 139, IN CANYON COUNTY, State of Idaho, Defendant-Respondent.**

**No. 14212.**

Court of Appeals of Idaho.

Jan. 31, 1984.

Petition for Review Denied
March 28, 1984.

Wayne P. Fuller of Fuller & Harris, Caldwell, for plaintiff-appellant.

Dean E. Miller of Gigray, Miller, Downen & Weston, Caldwell, for defendant-respondent.

SWANSTROM, Judge.

In this case we must decide whether an employee, who is asked to resign by his employer and in response submits his resignation, may maintain an action for wrongful discharge. Ernie Knee argues that he did not resign voluntarily but was "constructively discharged." The district court determined that the resignation was voluntary and granted a motion under I.R.C.P. 41(b) to dismiss the complaint at the close of the Knee's case. We affirm.

The facts relevant to this appeal can be summarized briefly. Knee began working as superintendent of School District No. 139 in Canyon County in 1971. In June 1978 Knee and the district entered into a written employment contract. The contract term began July 1, 1978, and extended to June 30, 1981. Knee's salary was to be $30,000 the first year and at least that amount during each succeeding year. The contract was to be reviewed on or before the school board's regular meeting in January 1979.

At that meeting, the board took up a number of matters and then went into executive session. Knee was excused from the executive session, but about an hour later he was requested to return to the meeting. At that point the chairman of the board of trustees told Knee it was the unanimous decision of the board to ask for his immediate resignation. Knee told the

board he would like to think about it overnight, but the chairman informed him that the board wanted his resignation immediately. Knee then went to his desk, took out a piece of paper and wrote out his resignation. After receiving Knee's resignation, the board announced that it accepted the resignation.

Knee never sought to revoke his resignation and gain reinstatement as superintendent. Though no longer performing his duties, he continued to receive his salary for the rest of the 1978 school year. He then sought and obtained other employment, although at a lesser salary than his salary as superintendent. In January 1980 Knee filed this action for wrongful discharge against the school district seeking damages for breach of contract. The trial court determined that Knee had not been discharged, but had voluntarily resigned. The court therefore granted the school district's motion to dismiss the action at the close of plaintiff's case. Knee later moved to set aside the court's findings of fact and conclusions of law. The court denied his motion. Knee has appealed from both the judgment and the order denying his post-trial motion.

 It is self-evident that an employee, who resigns from his position of employment voluntarily, may not bring an action against his employer for breach of contract due to wrongful discharge. Knee contends that although he submitted his resignation to the school board he did not do so voluntarily and that the action of the board constituted a "constructive discharge." A constructive discharge is, by definition, an involuntary resignation. The district court, however, found that Knee's resignation was voluntary. The burden is on the employee to present sufficient evidence to show that his resignation was involuntary.

The Idaho Supreme Court discussed the difference between a constructive discharge and a resignation in *Jackson v. Minidoka Irrigation District*, 98 Idaho 330, 563 P.2d 54 (1977). In that case an irrigation district employee was suspected

of misuse of district funds. The district asked for her resignation and she submitted it on February 19, 1974. She later attempted to withdraw the resignation and sought a hearing from the district's board of directors. The board held a hearing on May 6 and determined that she had improperly used district funds, and discharged her retroactive to February 19. The Idaho Supreme Court held that she had been discharged on February 19 by virtue of the request for her resignation in conjunction with threats of criminal prosecution.

Knee relies on *Jackson* to support his claim, while the school district attempts to distinguish that case. We believe that *Jackson* is applicable, but that it renders no support to Knee's claim. In *Jackson* our Supreme Court stated:

> The fact of discharge ... does not depend upon the use of formal words of firing. The test is whether sufficient words or actions by the employer would logically lead a prudent man to believe his tenure had been terminated. *Hannifin v. Retail Clerks International Ass'n.*, 162 Mont. 170, 511 P.2d 982 (1973); *Colorado Civil Rights Comm'n. v. State School Dist. No. 1*, 30 Colo.App. 10, 488 P.2d 83 (1971). Employees are often asked to resign as opposed to being fired. While this may be done for any number of reasons, the meaning is clear that the employee is being dismissed. There could have been little doubt in appellant's mind that she was in effect being fired when she signed her resignation .... Her claim that she was not dismissed until May 6 and should have been paid up to that date was properly dismissed.

98 Idaho at 334–35, 563 P.2d at 58–59. Knee would read *Jackson* as holding that any time an employee is asked to resign, a court is to consider the resignation as a dismissal. We cannot agree.

 The test set out in *Jackson* is whether the words or actions of the employer "would logically lead a prudent person to believe his tenure had been terminated." Here the intentions and desires of the

school board could not have been misunderstood. However, we hold that a prudent person in Knee's position could not have believed he had been terminated. First, as an experienced educator, he must have known that his three-year contract could be terminated only for limited, specific reasons. *See* I.C. § 33–513(5). *Cf. Buck v. Board of Trustees of St. Maries Indep. School Dist. No. 1*, 28 Idaho 293, 154 P. 372 (1915) (superintendent, under statute which provides for his discharge for incompetency, immorality or gross neglect of duty, may be discharged for *only* those reasons.) In *Jackson*, on the other hand, the employee was an employee at will, who, the court held, could be discharged at any time for any reason that was not in contravention of public policy. Here, the board gave Knee no reason for their request at the time he resigned. Therefore, as far as he knew, the board was merely requesting his resignation and lacked any power to dismiss him.

Second, Knee cites the Idaho School Trustees' Manual which states that a school board will maintain a superintendent in his employment if he continues to give satisfactory service. The manual also provides that if the superintendent's services are unacceptable, the board will give him "early warning." No warning was given to Knee. This fact only reinforces our view that Knee could not have reasonably believed that the board was in a position to discharge him on the day his resignation was requested.

 Finally, according to Knee's own testimony, he did not attempt to resist the board's request. When asked to resign, he merely asked for time to think it over. The board told him that they wanted his answer immediately. He complied. Furthermore, at no time did Knee request reinstatement or otherwise seek reconsideration of the "board's" action. Under the facts of this case, then, we cannot say that Knee's resignation was involuntary. *See Hannifin v. Retail Clerks Int'l Ass'n*, 162 Mont. 170, 511 P.2d 982 (1973). Our research has disclosed that it is not appropriate to apply the doctrine of constructive discharge absent facts showing harassment, intimidation, coercion or other aggravating conduct on the part of the employer which renders working conditions intolerable. *Young v. Southwestern Savings & Loan Ass'n*, 509 F.2d 140 (5th Cir.1975). *Cf. Christie v. United States*, 518 F.2d 584, 207 Ct.Cl. 333 (1975). A mere request to resign, without more, is not sufficient to warrant a finding of constructive discharge. The district court did not err in failing to find that Knee had been constructively discharged. The judgment is therefore affirmed. Costs to respondent. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.