(November 27, 1907.)

## TAYLOR B. WEST, Respondent, v. WALTER GRANT DYGERT, Appellant.

[92 Pac. 753.]

NOTICE TO DISMISS—UNDERTAKING ON APPEAL—NOT FILED IN TIME—COST OF CERTIFYING TRANSCRIPT.

1. Under the provisions of section 4808, Revised Statutes, an appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking is filed or a deposit of money made with the clerk, or the undertaking be waived by the adverse party in writing.

2. The appellate court is not authorized to extend the time for filing an undertaking on appeal.

3. Under paragraph 10, rule 27 of the rules of this court, if an attorney refuses to certify a transcript presented to him for certification and fails to point out in writing any defects in such transcript, the cost of procuring the clerk to certify the same must be taxed to the party whose attorney so neglects or refuses.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Hon. Edgar C. Steele, Judge.

Action between alleged partners for an accounting and dissolution of the partnership. Judgment for the plaintiff. Motion to dismiss appeal on the ground that an undertaking on appeal was not filed within the time required by law. *Motion sustained.*

Walter Grant Dygert, *pro se.*

I. N. Smith, for Respondent.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This is an appeal from a judgment in favor of the respondent and against the appellant, arising out of an alleged partnership. The cause was tried to the court without a jury, and judgment entered as above stated.

Counsel for respondent moved to dismiss the appeal on several grounds, one of which was that no undertaking on appeal was filed within the period allowed by law after the service of the notice of appeal. This motion was supported by the affidavit of counsel for respondent, and the district judge, who tried said cause. On the hearing a copy of the paper filed as a bond, duly certified by the clerk of the trial court, was also presented. In opposition thereto, the affidavit of the appellant was presented.

It appears that the appellant obtained from the Title Guaranty and Surety Company, of Scranton, Pennsylvania, on the 19th of April, 1907, an undertaking on appeal in this case, covering both costs and damages. It also appears that several copies of said undertaking were typewritten with the original, but such copies were not filled out and signed by the Title Guaranty Company. On said date, appellant went to the office of the clerk, and intended to leave with him the original undertaking as executed by said company, but through some mistake, he left with the clerk for filing, a copy, the blanks in which had not been filled nor had the company signed it. On the twenty-ninth day of the following May, the appellant's attention was called to the fact that the original undertaking for costs and damages on appeal was not in the custody of the clerk of said court. Thereupon he made an application to the agent of said Title Guaranty Company for a certified copy of said undertaking and thereafter made application to the district judge to have said certified copy filed in said case, which application was granted and the certified copy filed on the twenty-ninth day of May, 1907.

It further appears that the original of said undertaking was found among the private papers of the attorney for the respondent and had no filing marks upon it. Said attorney made an affidavit that said original was delivered to him

by his client, the respondent. On the hearing, the appellant denied that he had ever delivered or served the original or a copy of said undertaking on the respondent, and the respondent on being interrogated by the court replied that he had no recollection of ever having had possession of said original. It is not made clear to the court as to how or by what means said original undertaking got into the possession of the respondent's counsel. It appears to the court that there has been a mistake made in this matter, for from the certified copy of the undertaking furnished by the clerk it clearly appears that the original was not delivered to him and was not filed by him.

Under the provisions of section 4808, Revised Statutes, an appeal is ineffectual for any purpose unless within five days after the service of the notice of appeal an undertaking be filed or a deposit of money be made with the clerk. It appears from the record before us that no undertaking was filed within the time required by the provisions of said section 4808. This court is not authorized to extend the time for filing an undertaking on appeal. The appeal is therefore ineffectual for any purpose and the motion to dismiss must be sustained and it is so ordered.

Costs of the appeal are awarded to respondent.

Ailshie, C. J., concurs.

PER CURIAM.—In the case of *Taylor B. West v. Walter Grant Dygert,* the court overlooked a motion made by the appellant to tax costs of certifying the transcript on appeal to the respondent, under the provisions of paragraph 10 of rule 27 of the rules of this court. That paragraph is as follows:

"Service and Certificate of Transcript.—After the transcript is printed, a copy thereof shall be served upon the adverse party or his attorney; and if there be more than one adverse party, appearing by different attorneys, on each party or the attorney of each party so appearing. If a party shall present to the attorney of the adverse party a transcript on appeal in a civil cause and request his certificate

that the same is correct, and said attorney, upon such request, shall, for a period of five days, neglect or refuse to join in such certificate; or, if it be incorrect, shall neglect or refuse for the same time to serve upon the party making the request a written statement of the particulars in which the transcript .is incorrect, or upon the presentation of the transcript corrected in the particulars thus specified, shall still neglect or refuse, for a period of two days, to join in such certificate, the cost of procuring a certificate to such transcript from the clerk of the proper court shall be taxed against the party whose attorney so neglects or refuses.''

It appears that the transcript was presented to the attorney of the respondent for certification and he refused to join in the certificate, and also failed to serve upon the appellant a written statement of the particulars in which said transcript was claimed to be incorrect, if it was so claimed. In the case of *Lydon v. Goddard,* 5 Idaho, 607, 51 Pac. 459, the court had under consideration the question raised in the case at bar, and it was there held that the appellant was entitled to recover the cost of procuring a certification of the transcript. Under the rule laid down there, the cost of certifying the transcript in the case at bar, which is shown to have been $61.80, must be paid by the respondent, and it is so ordered. And it is further ordered that said sum of $61.80 be applied on the judgment recovered in the case at bar.