(February 11, 1922.)

## HOMER C. MILLS, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF MINIDOKA COUNTY, IDAHO, and MINIDOKA COUNTY, IDAHO, Appellants.

[204 Pac. 876.]

DISMISSAL OF APPEAL — APPOINTMENT OF SPECIAL PROSECUTOR — CHAMBERS APPOINTMENT VOID—JUDICIAL DETERMINATION OF DISQUALIFICATION—UNAUTHORIZED STIPULATION OF FACTS.

1.   Where a notice of appeal from a judgment is served and filed more than ninety days after the rendition of the judgment, the appeal therefrom must be dismissed.

2.   Under the provisions of C. S., sec. 3654, the district court may appoint, under the circumstances and in the manner specified, a suitable person to perform for the time being, or for the trial of an accused person, the duties of the duly elected and qualified prosecuting attorney, and while in the performance of such duties the one so appointed may exercise all the powers of the prosecuting attorney.

3.   Under the provisions of C. S., sec. 3655, subd. 2, no duty rests upon a county prosecuting attorney to prosecute criminal actions before a probate or justice's court unless called upon by said court, or to conduct criminal examinations before a committing magistrate unless requested so to do by the magistrate.

4. Under the provisions of C. S., sec. 6493, the district judge at chambers has no power to appoint a special prosecuting attorney, and such order so made is void. The appointment must be the act of the court.

5. Where the district court under the provisions of C. S., sec. 3654, appoints a special prosecutor, there must be a judicial determination of the disqualification of the prosecuting attorney, and a minute entry thereof, reciting the reasons therefor, must be made in open court.

6. On appeal from the probate to the district court the county prosecuting attorney has no power to enter into a stipulation of facts, the effect of which is to limit the jurisdiction of the district court, when under the law the action must be tried anew in said court.

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Wm. A. Babcock, Judge.

Action to recover for services as special prosecuting attorney. Judgment for plaintiff. *Reversed.*

Roy L. Black, Attorney General, Jas. L. Boone, Assistant, and H. A. Baker, for Appellants.

A district court has no power to appoint a special prosecuting attorney to appear and prosecute criminal actions pending in a justice's court, or to appear in any action or proceeding not pending in or before such district court. (18 C. J. 1340; *Sayles v. Genesee Circuit Judge,* 82 Mich. 84, 46 N. W. 29.)

A district court has no power to appoint special prosecuting attorney at chambers or in any other ·manner than in open court. · (Sec. 3654, C. S.; *Joyner v. State,* 78 Ala. 448.)

It is essential to the validity of an order appointing special prosecuting attorney that the order recite the reasons therefor and be entered in the minutes of the court. (Sec. 3654, C. S.; *State v. Barber,* 13 Ida. 65, 88 Pac. 418; *Joyner v. State, supra.*)

The contingencies upon which special prosecuting attorney may be appointed and the manner of procedure being prescribed by statute, a court has no power to appoint for other reasons or in any other manner. (18 C. J. 1340; *Mahaffey v. Territory*, 11 Okl. 213, 66 Pac. 342; *Gray v. District Court*, 42 Colo. 298, 94 Pac. 287; *Toland v. Ventura County*, 135 Cal. 412, 67 Pac. 498; *State v. Brown*, 63 Kan. 262, 65 Pac. 213; *Moore v. State*, 56 Tex. Cr. 300, 119 S. W. 858; *State v. Flavin*, 35 S. D. 530, Ann. Cas. 1918A, 713, 153 N. W. 296.)

The prosecuting attorney had no power to enter into the stipulation of facts dated October 21, 1918, with counsel for plaintiff or to bind the county by such stipulation, but it was necessary that said action be tried anew in the district court on appeal from the probate court. (Sec. 7181, C. S.; *Clyne v. Bingham County*, 7 Ida. 75, 60 Pac. 76; *Connett v. City of Chicago*, 114 Ill. 233, 29 N. E. 280.)

Dampier & Codding and Mills & Adams, for Respondent.

The order of appointment was entered in the minutes of the court within the meaning of the law, upon being filed with the clerk and entered in the register of actions. (Sec. 7232, C. S.; *Von Schmidt v. Widber*, 99 Cal. 511, 34 Pac. 109.)

The prosecuting attorney had authority to enter into the stipulation, dated October 21, 1918. (1 Thompson on Trials, secs. 194–198; *Board of Commrs. of Logan County v. State Capital Co.,* 16 Okl. 625, 86 Pac. 518.)

BUDGE, J.—This action was brought by respondent in the probate court for Minidoka county, to recover the sum of $500 for services rendered by him as special prosecuting attorney.

It is alleged in the complaint that respondent was at all times therein mentioned an attorney at law; that Minidoka county was and is a legal subdivision of the state, and E. C. Maynard, W. J. Flake and A. B. Rice the commissioners of said county; that on April 9, 1918, there were certain

criminal proceedings pending in said county in which W. W. Mattinson, the then prosecuting attorney, was disqualified to act; that on said day Hon. Wm. A. Babcock, one of the judges of the fourth judicial district, in and for said county, appointed respondent to prosecute said causes; that respondent took the oath of office of special prosecuting attorney, and immediately entered upon the duties of said office connected with the prosecution of said cases; that the services rendered by him pursuant to said appointment were reasonably worth $500; that about May 10, 1918, respondent filed his verified claim in said sum with the appellant commissioners; and that said board failed, neglected and refused to allow or pay said claim.

In the answer it is denied that W. W. Mattinson, as prosecuting attorney, was on April 9, 1918, or at any time, disqualified to prosecute any criminal proceedings pending in the courts of Minidoka county, during the year 1918; that respondent was on April 9, 1918, or at any other time, lawfully appointed special prosecuting attorney, that he has performed any services as such, and that there is now due or owing from appellants to respondent the sum of $500 or any other sum.

Judgment was rendered in the probate court in favor of respondent on October 18, 1918, in the sum of $500 and costs.

The cause was thereafter appealed to the district court, and tried to the court, without a jury, upon a stipulation of facts entered into between said Mattinson and counsel for respondent on October 21, 1918, which incorporated the order appointing respondent as special prosecuting attorney and was otherwise substantially the same as the complaint theretofore filed in the probate court. The district court thereafter, on January 14, 1919, filed its findings of fact, identical with the stipulation of facts above referred to, and its conclusions of law based thereon, and entered judgment in favor of respondent in the sum of $500, with interest at 7 per cent from October 18, 1918, and costs.

On February 14, 1919, Hugh A. Baker, successor to Mattinson as prosecuting attorney, filed a motion for new trial, upon the ground that Mattinson was without authority to enter into stipulation of facts above referred to, and that the action, though on appeal from the probate court, was not tried anew, but was submitted and determined solely upon said stipulation of facts, and that the court erred in deciding the case upon such stipulation, and in finding as facts the various matters set forth therein, and basing its conclusions thereon. Affidavits were filed in support of and against the motion for new trial, and the court on May 21, 1919, overruled the motion.

This appeal is from the judgment and from the order denying the motion for new trial.

The notice of appeal was served and filed June 18, 1919, more than 90 days after the rendition of the judgment, and the appeal from the judgment must, therefore, be dismissed. However, the errors assigned may be considered upon the motion for new trial.

Appellant makes thirteen assignments of error, under which it is urged, among other things:

1. That a district court has no power to appoint a special prosecuting attorney to appear and prosecute criminal actions pending in a justice's court or to appear in any action or proceeding not pending in or before such district court.

2. That if the district court has such power, it must appear that the justice or probate judge requested the prosecuting attorney to appear and prosecute such action in such court.

3. That a district judge has no power to appoint a special prosecuting attorney at chambers or in any other manner than in open court.

4. That it is essential to the validity of an order appointing a special prosecuting attorney that the order recite the reasons therefor and be entered in the minutes of the court; and

5. That the prosecuting attorney had no power to enter into the stipulation of facts dated October 21, 1918, with

counsel for plaintiff, or to bind the county by such stipulation, but it was necessary that said action be tried anew in the district court on appeal from the probate court.

C. S., sec. 3654, provides: "When there is no prosecuting attorney for the county, or when he is absent from the court, or when he has acted as counsel or attorney for a party accused in relation to the matter of which the accused stands charged, and for which he is to be tried on a criminal charge, or when he is near of kin to the party to be tried on a criminal charge, or when he is unable to attend to his duties, the district court may, by an order entered in its minutes, stating the cause therefor, appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such prosecuting attorney, and the person so appointed has all the powers of the prosecuting attorney, while so acting as such."

Under sec. 3654, *supra*, the district court may appoint, under the circumstances and in the manner provided, a suitable person to perform for the time being, or for the trial of an accused person, the duties of the duly elected and qualified prosecuting attorney, and while in the performance of such duties he may exercise all the powers of such prosecuting attorney. The appointment in the instant case was not made for the purpose of performing the duties of the prosecuting attorney in the district court, or before a grand jury, but was attempted to be made, upon an *ex parte* application, to conduct certain prosecutions of criminal cases then pending in a justice's court. The decisions cited by counsel are, therefore not decisive of the questions involved here, and it is unnecessary, in disposing of this case, to decide whether under the provisions of sec. 3654, *supra*, the power of district courts to appoint special prosecuting attorneys is limited to cases pending in such district courts or under investigation by a grand jury.

C. S., sec. 3655, prescribing the duties of prosecuting attorneys, provides, among other things, that:

"It is the duty of the prosecuting attorney:

"1. To prosecute or defend all actions, applications or motions, civil or criminal, in the district court of his county in which the people or the state or the county are interested, or are a party; and when the place of trial is changed in any such action or proceeding to another county, he must prosecute or defend the same in such other county.

"2. To prosecute all criminal actions before the probate and justices' courts of his county *when called upon by said courts, and upon the request of magistrates* to conduct criminal examinations which may be had before such magistrates, and to prosecute or defend all civil actions before the probate and justices' courts of the county, in which the people or the state or the county are interested or a party."

It will be observed that under subd. 1 of sec. 3655, *supra,* it is made the imperative duty of the prosecuting attorney to prosecute or defend all actions, applications or motions, civil or criminal, in the district court; but under the provisions of subd. 2, no duty rests upon him to prosecute criminal actions before a probate or justice's court unless called upon by said courts, or to conduct criminal examinations before a committing magistrate unless requested so to do by the magistrate.

While the prosecuting attorney may prosecute all criminal actions pending before the probate and justices' courts, and conduct preliminary examinations before committing magistrates, no duty rests upon him to do so in the absence of a request by such court or magistrate. Conceding, for the purpose of disposing of this case, that the district court has authority to appoint a special prosecuting attorney to prosecute cases pending before a probate or justice's court, and to conduct preliminary examinations before committing magistrates, it must first be made to appear that a duty rests upon the prosecuting attorney to prosecute such actions or conduct such examinations. In this case it does not appear that the justice requested the prosecuting attorney to appear and prosecute the cases pending in his court, nor is any necessity therefor shown. A reasonable interpretation

of the statutes would in no event authorize the district court to appoint a special prosecutor to perform an act which it was not the duty of the duly elected and qualified prosecuting attorney to perform, thereby creating an indebtedness against the county.

Respondent's right to recover is based upon the order of the judge appointing him, which reads as follows, omitting the title of court and cause:

"Upon reading and filing the affidavit of E. R. Dampier, and his application for a special prosecutor to represent the state in the above case, it appearing to the satisfaction of the court that such an appointment is necessary, and sufficient reasons exist therefor,

"It is hereby ordered, that Homer C. Mills, be, and he is, hereby appointed Special Prosecuting Attorney in and for Minidoka County, State of Idaho, to appear for and on behalf of the State of Idaho and to prosecute the above mentioned case and the case of State of Idaho vs. Hiram Thompson upon a charge of false imprisonment, and the case of State of Idaho vs. Hiram Thompson on the charge of wilfully delaying to take a prisoner before a magistrate; and such Prosecuting Attorney is further authorized to do any and all things connected therewith the same as though he were the regular prosecuting attorney in and for Minidoka County.

"Dated at Chambers at Albion, Idaho, this 9th (12th) day of April, 1918.

"WM. A. BABCOCK,
"District Judge."

This order was made by the district judge at chambers, and inasmuch as no such power is granted to district judges at chambers under the provisions of C. S., sec. 6493, we think the making of the order was clearly beyond the power of the judge, and the order is, therefore, void. The power to appoint a special prosecuting attorney is statutory, as well as the power to remove or suspend such officer. The court has no authority to make such appointment except

in the manner prescribed by the statute, and where the statute provides that the *district court* may make such appointment it does not follow that the *district judge* may make the appointment at chambers. It must be the act of the court, and to be valid it must appear of record, for courts speak only by their records. (*Joyner v. State,* 78 Ala. 448.)

If the above order is void, there was no valid appointment made, and the county is not liable. In the case of *State v. Barber,* 13 Ida. 65, 88 Pac. 418, a motion was made to set aside the indictment upon the ground that the order made by the court appointing a special prosecuting attorney was void. The order made in that case is as follows: "It appearing to the court that a necessity exists therefor, the prosecuting attorney being engaged in other matters, the court orders that Bertram S. Varian is appointed prosecuting attorney to attend upon and perform the duties of prosecuting attorney with the grand jury during this term of court at a compensation to be fixed hereafter by the court."

The order in the case under consideration is subject to the same attack and is void for the same reasons as given by this court in *State v. Barber.* In the course of that opinion, this court said: ". . . . The important question presented by this motion is: Was there any reason given in the order why Mr. Rhea should not perform all the duties of his office? The necessity therefor, as stated in the order, must be coupled with a reason based on some provision of the statute, and the fact that the 'county attorney was engaged in other matters' is not one of the reasons given by section 2 for the appointment of an attorney who 'has all the powers of the county attorney while so acting as such.' . . . . The section requires that the order must show the disqualification or inability of the county attorney to act in some particular matter connected with his office or the duties thereof. . . . . It is not enough to say that the court would not make the order unless there was good

reason for it; . . . . . but the legislature, by section 2, was careful in fixing the only conditions under which the court may appoint an attorney to perform the duties of the county attorney, . . . ."

In order for the appointment to be valid, the reasons for such appointment must be set out and be entered in the minutes of the court. In other words, there must be a judicial determination of the disqualification of the prosecuting attorney, and a minute entry must be made thereof, in open court. The order appointing respondent wholly fails to set out any reason. It merely states "it appearing to the satisfaction of the court" that such appointment is necessary. This is no reason that would justify the order suspending the duly elected county prosecuting attorney and appointing in his stead a special prosecuting attorney. Even though a necessity for such appointment exists, unless the order states the reason therefor, the appointment would be void.

Finally, it is urged that the prosecuting attorney had no power to enter into the stipulation of facts above referred to, or to bind the county thereby, but that it was necessary that the action be tried anew in the district court on appeal from the probate court, and this question must also be decided in appellants' favor.

This court held in *Clyne v. Bingham County,* 7 Ida. 75, 60 Pac. 76, that: "County attorneys cannot limit the jurisdiction of the district court or of this court, by stipulation or otherwise, or relieve either of said courts of duties enjoined by positive statute. . . . . It is not a matter between the county attorney and the respondent. The public, the taxpayers—those who 'bear the burden in the heat of the day'—have some rights in the premises, which cannot be frittered away by the county attorney."

To hold such a stipulation to be binding, either upon the district court, this court, or the county, might result in injustice to the taxpayers, by extracting funds from the

county treasury when wholly unwarranted by the statutes of this state.

We have carefully examined the record in this case, and have reached the conclusion that under no circumstances can this action be sustained in the face of the record.

From what has been said it follows that the order denying the motion for new trial should be reversed and the cause should be remanded to the district court, with instructions to enter up a judgment in favor of appellants. It is so ordered. Costs are awarded to appellants.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.