(March 18, 1925.)

In the Matter of DRAINAGE DISTRICT No. 3 OF THE COUNTY OF ADA, IN THE STATE OF IDAHO. W. T. BOOTH, J. A. GALLAHER, CAROLINE OAKES, EDWARD GREENWALT and JOHN G. BRECKENRIDGE, Appellants, v. DRAINAGE DISTRICT No. 3, C. A. GROVES, LAFE BOONE and MAT BEGLAN, Respondents.

[235 Pac. 895.]

MOTION TO DISMISS APPEAL—APPLICATION OF RULES 26 AND 28—APPEAL BOND — STATUTORY CONSTRUCTION — PARTICULAR PROVISION CONTROLLING.

1. Where counsel for appellant procures from a justice of this court an order extending the time to file transcript under the provisions of Rules 26 and 28 the day after the ninety-day period has expired, and upon motion to dismiss his appeal makes affidavit that he believed under his computation he had obtained the extension in time, *held*, that the appeal will not be dismissed.

2. The procuring of an order extending time within which to file transcript on appeal, after the time for filing same has expired, under Rules 26 and 28 does not in and of itself extend the time but may be considered with other facts and circumstances to negative lack of diligence.

3. Where there are two provisions in a statute, one of which is general and the other particular, and the particular provision relates to a specific subject within the scope of the general provision, the particular provision must prevail, and if both cannot

apply, the particular provision will be treated as an exception to the general provision.

4. In C. S., sec. 4515, providing for appeals to the supreme court, under the drainage district law, the provision permitting such appeals to be taken "in the manner provided by law for appeals in civil actions" is controlled by the particular provision at the end of said section: "Upon such appeal no bond shall be required and no stay shall be allowed."

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Motion to dismiss appeal. *Denied*.

P. E. Cavaney, for Respondents.

Unless an appeal is perfected in the manner provided by statute, this court does not acquire jurisdiction to hear such appeal, and the same should be dismissed. (*Kimsey v. Highland L. & L. Co.,* 37 Ida. 9, 214 Pac. 750; *Kingsbury v. Lee,* 36 Ida. 447, 211 Pac. 552; *Woodmansee & W. Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Haas v. Teeters,* 17 Ida. 550, 106 Pac. 305; *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831; 19 C. J., secs. 129, 131, p. 670; *Beckwith v. Kansas City & O. R. Co.,* 28 Kan. 484; *Drainage Dist. No. 5 v. Ferrell,* 32 Okl. 381, 122 Pac. 698; *Vowell v. Taylor,* 8 Okl. 625, 58 Pac. 944; *In re Wilson,* 21 Ky. L. 231, 51 S. W. 149; *Smith v. Gustin,* 169 Ind. 42, 80 N. E. 959, 81 N. E. 722; *Brady v. Garrison,* 178 Ind. 459, 99 N. E. 738; *Prough v. Prough,* 174 Ind. 57, 91 N. E. 337; *Burke v. Jackson,* 22 Ohio St. 268.)

Where the transcript on appeal has not been filed in this court within ninety days after the appeal has been perfected as required by Rule 26, and an application for extension of time has not been made prior to the expiration of such time, the appeal is subject to dismissal. (*Intermountain Assn. of Cr. Men v. Rexburg Soc. of Equity, Ltd.,* 38 Ida. 121, 220 Pac. 114; *T. W. & L. O. Naylor Co. v. Bowman,* 36 Ida. 211, 209 Pac. 1071; *Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Dye v. Moscow State Bank,* 36 Ida. 464, 212 Pac. 870; *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017;

*California Gulch Placer Min. Co. v. Patrick,* 37 Ida. 661, 218 Pac. 378; *Keating v. McGivney,* 37 Ida. 797, 218 Pac. 791; *Utana Min. Corp. v. Salmon River P. & L Co.,* 37 Ida. 793, 218 Pac. 789; 4 C. J., secs. 2206, 2379.)

Failure to apply for an extension of time within which to file a transcript on appeal negatives the question of due diligence. (*Thomas Union Sav. Bldg. & T. Co.,* 38 Ida. 247, 221 Pac. 132; *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928.)

J. B. Eldridge, for Appellants.

An appeal bond is purely statutory. (3 C. J., p. 1106, sec. 1140.)

"That a day, in law, is not divisible is mere fiction only observed for the purpose of justice and never adhered to when it would work mischief." (*Fuller v. Schroeder,* 20 Neb. 631, 31 N. W. 109; *Gallagher v. Hein,* 24 App. Cas. (D. C.) 296; 2 Am. & Eng. Ann Cas. 133.)

Failure to file the transcript within 90 days, or failure to procure an order extending the time for filing transcript within 90 days, did not divest the court of jurisdiction. (*Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *State v. Walker,* 37 Ida. 18, 214 Pac. 885; *National Park Lumber Co. v. Nelson,* 37 Ida. 758, 218 Pac. 367; *T. W. & L. O. Naylor Co. v. Bowman,* 36 Ida. 211, 209 Pac. 1071.)

A misunderstanding of the rules of courts or of a statute relative to time is a sufficient excuse for not obtaining the order before the time expired. (*Nottingham v. McKendrick,* 38 Or. 495, 57 Pac. 195; *Flynn v. Davidson,* 80 Or. 502, 155 Pac. 197; *In re Stone's Estate,* 173 Cal. 675, 161 Pac. 258; *Gulf C. & S. F. Ry. Co. v. McMahan* (Tex. Civ.), 20 S. W. 954; *Dew v. Weekes* (Tex. Civ.), 53 S. W. 706; *Lukins v. Traylor,* 22 N. M. 207, 160 Pac. 349; *Hughes v. Kaw Inv. Co.,* 129 Miss. 434, 91 So. 702.)

BUDGE, J.—Although several grounds are specified for the motion to dismiss the appeal in this case, counsel have practically confined their argument to two grounds only; first, that the transcript was not filed nor any extension of time granted within the ninety days after perfection of appeal, as required by Rule 26, and second, that no undertaking on appeal was given.

With regard to the first ground, it appears that the day after the expiration of the ninety-day period counsel for appellant applied for and obtained from the then chief justice of this court an order extending their time to file transcript on appeal. Ivan L. Hiler, of counsel for appellant, has filed an affidavit in which he states that he was under the impression that the first day, which is to be excluded under the statute in computing the ninety days would not begin until the hour when the appeal was actually perfected, which was approximately 2 P. M. on August 7, 1924; that this first day would therefore continue until 2 P. M. August 8th, so that the ninety-day period would begin at the latter hour and would not terminate until 2 P. M. November 6th, just after he had obtained his order for extension. Without passing on the propriety of this method of computing time, under C. S., sec. 9451, the default of appellants' counsel, if it be conceded to be a default, is by so slight a margin, that in the light of the excuses recited in their showing in opposition to the motion to dismiss, they may be given the benefit of the doubt and this ground of the motion disregarded, particularly in view of the fact that it does not involve a jurisdictional question. The procuring of an order extending time within which to file transcript on appeal, after the time for filing same has expired, under Rules 26 and 28, does not in and of itself extend the time but may be considered with other facts and circumstances to negative lack of diligence.

The objection that no jurisdiction was acquired by this court because no bond on appeal was filed, raises a more serious question. C. S., sec. 4515 of the Drainage Law, is as follows:

"Every person or corporation feeling himself or itself aggrieved by the judgment for damages or the assessment for benefits may appeal to the supreme court of this state in the manner provided by law for appeals in civil actions to the supreme court within 30 days after the entry of the judgment confirming the report of the commissioners; and such appeal shall bring before the supreme court the propriety and justness of the amount of damages or assessment of benefits in respect to the parties to the appeal. Upon such appeal no bond shall be required and no stay shall be allowed."

It will be noted from a reading of this section that it provides in the first place that appeals to this court shall be prosecuted "in the manner provided by law for appeals in civil actions to the supreme court," which of course would require an undertaking on appeal as prescribed by C. S., sec. 7153. But the section concludes with the sentence, "Upon such appeal no bond shall be required and no stay shall be allowed." Counsel for respondent contends that the words "no bond shall be required" refer only to a *supersedeas* bond, and that an appeal bond is plainly required by the words "in the manner provided by law for appeals in civil actions." In construing this section it will be noted that the language "in the manner provided by law for appeals in civil actions" is a general provision, but that the last sentence of the section embodies a particular provision. It is a familiar rule in statutory construction that a particular provision controls a general one.

"Where there are two provisions in a statute, one of which is general and designated to apply to cases generally and the other is particular and relates to only one case or subject within the scope of the general provision, then the particular provision must prevail; and if both cannot apply the particular provision will be treated as an exception to the general provision." (Lewis' Sutherland on Statutory Construction, sec. 387.)

The last sentence in this section appears to be intended as a proviso to except from the general statutory mode of procedure on appeal the requirement of either appeal or stay

bonds or the allowance of a stay. It may also be pointed out that the words "and no stay shall be allowed" necessarily eliminate from consideration any necessity for a *supersedeas* bond, so that the words "no bond shall be required" would seem naturally to refer to an appeal bond.

The drainage law of this state was adopted in 1913. (C. S., chap. 179.) The historical note at the beginning of the chapter in our Compiled Statutes states that it "was modeled after the Washington law, Bal. Ann. Code, secs. 3715–54." This is the Ballinger Code of 1897. Counsel for appellants call our attention to the fact that our section 4515 above quoted is taken almost *verbatim* from sec. 3727 of the Ballinger Code. The Washington section, however, did not specify that the appellate procedure should be "in the manner provided by law for appeals in civil actions," the words included in our sec. 4515. We are not cited to any decisions of the Washington court construing this section, and counsel points out that in 1921 the legislature of that state enacted a new drainage law in which the giving of an appeal bond was required. On the whole it can hardly be said that the history or provisions of the Washington drainage law are of material assistance to us in construing our own statute.

Counsel for respondent earnestly contends that it is not reasonable to presume that the legislature intended to exempt the remonstrants on a drainage district appeal from the statutory requirement of giving an undertaking on appeal, when litigants in other civil actions who appeal are commonly compelled to do so. However this may be, in view of the fact that no stay was allowed pending the appeal, the legislature may have thought it was only fair to release the appellant from the necessity of giving the usual bond for costs on appeal. At any rate the legislature undoubtedly had the power to make such provision, and this court is not called upon to consider its wisdom or expediency.

The requirement of an undertaking on appeal is purely statutory, and where the statute in express terms negatives the requirement it cannot be read into the statute by refer-

ence to a general provision which otherwise would be controlling.

The motions to dismiss must be denied and it is so ordered.

William A. Lee, C. J., concurs specially in the order denying motion to dismiss the appeal, for reasons stated in his concurring opinion in *Nielsen et al. v. Board of County Commissioners of Bonneville County, ante,* p. 481, 234 Pac. 686.

WM. E. LEE, J., Concurring Specially.—On the authority of *Nielsen v. Board of County Commissioners of Bonneville County, ante,* p. 481, and for the reasons therein stated, I concur in denying the motion to dismiss the appeal because of the failure to procure an order extending the time within which to file the transcript in this court. As to the remainder of the opinion, I concur outright. I am authorized to state that Taylor, J., concurs with me in this opinion.

Petition for rehearing denied.