(No. 5840. January 18, 1932.)

D. PATRICK, Respondent, v. EDGAR J. FINCH and JESSIE C. FINCH, Husband and Wife, CORA E. VOIGT, Formerly CORA E. WILLIAMS, and DOLL HILL, Respondents, HARLEY WILLIAMS and MARIE WILLIAMS, Husband and Wife, Appellants.

[8 Pac. (2d) 776.]

Turner K. Hackman, for Respondent D. Patrick.

O. C. Hall, for Appellants.

BUDGE, J.—This action was brought by respondent, D. Patrick, to foreclose a real estate mortgage given by respondents Edgar J. Finch and wife. It was alleged in the complaint that appellants and others claimed some interest in the mortgaged premises. Appellants answered denying certain allegations of the complaint and setting forth certain

affirmative defenses not necessary to be considered here. The cause was tried without a jury. Findings of fact and conclusions of law were made and filed and judgment was entered in favor of respondent, Patrick, from which judgment appellants have appealed. Respondent Patrick has moved to dismiss the appeal upon the ground, among others, that this court is without jurisdiction of said appeal for the reason that appellants failed to serve notice of appeal upon Edgar J. Finch.

Under the provisions of C. S., sec. 7153, an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. C. S., sec. 7152, provides:

"An appeal may be taken to the supreme court from a district court:

"From a final judgment in an action . . . . within 90 days after the entry of such judgment."

Judgment was entered in the instant case on September 4, 1931. Notice of appeal was filed November 28, 1931. Undertaking on appeal was filed December 2, 1931. Service of the notice of appeal was not had upon Finch or his attorney. Finch is clearly an adverse party whose interest would be prejudicially affected by a modification or reversal of the judgment appealed from (*Bannock Nat. Bank v. Automobile Accessories Co.*, 36 Ida. 527, 529, 212 Pac. 864, and cases there cited), and so conceded by reason of the waiver hereinafter referred to.

Appellants seek to avoid their failure to serve the notice of appeal upon Finch or his attorney within the statutory time by filing on January 5, 1932, in this court what is designated "Waiver of Notice of Appeal" signed by Finch and dated December 31, 1931, more than ninety days after the entry of the judgment, wherein Finch seeks to waive service of the notice of appeal. Conceding that service of notice of appeal may be waived, if waived within the statutory time within which such service was required to be made (*Wilson v. Wilson*, 6 Ida. 597, 601, 57 Pac. 708), the

waiver of service of notice of appeal by Finch was not made within such time nor filed with the clerk of the court in which the judgment was entered. The filing and service of notice of appeal within the time and in the manner prescribed by statute is jurisdictional and an appeal taken after the expiration of the statutory time will be dismissed. (*Kimzey v. Highland Livestock & Land Co.*, 37 Ida. 9, 214 Pac. 750, and cases therein cited.)

The other grounds assigned need not be considered. The court being without jurisdiction to consider the appeal, the same must be dismissed and it is so ordered. Costs awarded to respondent.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.