332 P.2d 482

**C. Ben MARTIN, Plaintiff-Respondent,**

**v.**

**Jackson E. SODEN and Alice A. Soden, husband and wife, and Carl H. Swanstrom, Defendants (Alice A. Soden, Appellant).**

**No. 8643.**

Supreme Court of Idaho.

Nov. 21, 1958.

Rehearing Denied Dec. 15, 1958.

Edith Miller, Langroise & Sullivan, Boise, for appellant.

J. F. Martin, Charles E. Winstead, Boise, for respondent.

**418**

KEETON, Chief Justice.

C. Ben Martin and Carl H. Swanstrom, respondents, have moved to dismiss an appeal taken by Alice A. Soden from a judgment rendered in favor of plaintiff, C. Ben Martin, and defendant, Swanstrom, on the ground that no notice of appeal was filed by appellant with the clerk of the district court in which the cause was tried within ninety days of the date of judgment; also on the further ground that no bond or undertaking for costs was filed with the clerk of the court in which the cause was tried within the period of time required by Secs. 13–201 and 13–202 I.C. The judgment from which the attempted appeal is taken was entered by the Honorable M. Oliver Koelsch, presiding district judge, on May 9, 1957, and filed with the clerk of the court on that day. Notice of appeal is dated June 4, 1957, and was served on respondents' counsel on that day, and filed with the district court clerk November 27, 1957. The undertaking for costs on appeal is dated June 7, 1957, and filed with the clerk November 27, 1957.

In avoidance of the motion to dismiss appellant made a showing that the notice of appeal was filed with the district judge at Boise on June 4, 1957, and the undertaking for costs was filed with the district judge June 7, 1957. The notice of appeal contains the endorsement "Filed at Chambers at Boise, June 4, 1957. M. Oliver Koelsch, District Judge" and the undertaking for costs is endorsed "Filed at Chambers at Boise, June 7, 1957. M. Oliver Koelsch, District Judge". The showing made by appellant's attorney also claimed that the file containing the papers in the case had been with the district judge at Boise at all times pertinent here, prior to July 22, 1957, on which last date the clerk's file was delivered to appellant's attorney; that she took the same to Council and delivered it to the clerk of the district court there on July 26, 1957. Attorney for appellant in an affidavit states:

"* * * I explained to the Clerk [district court clerk at Council] * * informed her that Judge Koelsch had told me certain documents attached to the court file in this action, which I was handing to her, had been filed in Chambers, * * * and instructed her to take whatever action might be required to complete the official filing in her office of all documents contained in the court file. She expressed uncertainty as to precisely what action she should take, but I did not feel qualified to give her any advice in this regard. I handed the court file to her, and left * * *."

An affidavit signed by the Clerk, Anna F. Schwartz, and her deputy, Claire A. Perkins, states that from May 2, 1957 to November 27, 1957, the file containing the papers was not in the clerk's office, and that she received the notice of appeal and undertaking on appeal for filing on November

27, 1957, and not before. This affidavit is supported by other affidavits and showing made.

If the file containing the papers were in fact with the clerk of the court on July 26, 1957, the fact remains that the notice of appeal and undertaking on appeal were not at that time handed to the clerk with instructions to file the same, and were not, in fact, filed on that date.

We think the record supports the contention of respondents that the notice of appeal and undertaking on appeal were presented to the clerk for filing and actually filed November 27, 1957. More than ninety days elapsed from the entry and filing of the judgment prior to the filing with the clerk of the notice of appeal and undertaking for costs.

It therefore sufficiently appears that the notice of appeal was not timely filed with the clerk as required by Sec. 13–201 I.C. and under the provision of the statute, the appeal is ineffectual. The filing of the notice of appeal (Sec. 13–201 I.C.) and the undertaking for costs as required (Sec. 13–202 I.C.) are jurisdictional. In the absence of compliance with the provisions of the code, this Court has no jurisdiction to entertain the appeal. Filing with the district judge who tried the case, is not compliance with the statute. The clerk is the officer prescribed by the codes with whom the notice of appeal and undertaking for costs must be filed. The showing is insufficient to support the contention that notice of appeal and the undertaking on appeal were in fact filed July 26, 1957. An appeal not taken within the time prescribed by the code will be dismissed.

Cases supporting the view that a notice of appeal and undertaking on appeal not timely filed confers no jurisdiction on the Supreme Court to hear the matter are numerous and a review of such cases would add nothing to what has many times been announced as the law by this and other states. See Brown v. Hanley, 3 Idaho (Hasb.) 219, 28 P. 425; Cole v. Fox, 13 Idaho 123, 88 P. 561; West v. Dygert, 13 Idaho 641, 92 P. 753; Mills v. Board of County Commissioners, 35 Idaho 47, 204 P. 876; In re Dunn's Estate, 45 Idaho 23, 260 P. 432; Julien v. Barker, 75 Idaho 413, 272 P.2d 718; In re Von Borcke, D.C.N.J., 94 F. 352; King v. Paylor, 69 Ohio App. 193, 43 N.E.2d 313.

It follows that the appeal from the judgment should be and is hereby dismissed. Costs to respondents.

PORTER and TAYLOR, JJ., and BAKER and BELLWOOD, District Judges, concur.

SMITH and McQUADE, JJ., not participating.