357 P.2d 1094

C. D. RYDALCH and Margaret Rydalch, Husband and Wife, Edward Bowman and Bette Bowman, Husband and Wife, Frank L. Orth and Helen Orth, Husband and Wife, Dale D. Durfee and Clara Durfee, Husband and Wife, Plaintiffs-Respondents,

v.

Ben GLAUNER, Emerson Pugmire, and J. F. Renfrow, as the Board of County Commissioners of Gooding County, Idaho, Defendants,

and

Mr. and Mrs. Ira K. Hall, Mr. and Mrs. Clyde E. Welch, Mr. and Mrs. Earl Wilson, and Mr. and Mrs. John A. Conner, Intervenors-Appellants.

No. 8860.

Supreme Court of Idaho.

Aug. 15, 1960.

On Rehearing Jan. 4, 1961.

Frank L. Benson, Atty. Gen., and B. James Koehler, Jr., Asst. Atty. Gen., for Bd. of County Comrs. of Gooding County.

James, Shaw & James, Gooding, for respondents.

Murphy, Schwartz & Cunningham, Shoshone, for appellants.

McFADDEN, Justice.

Appellants are Ira Hall and seven other resident taxpayers, all qualified electors of the area referred to as Common School District No. 13, Gooding County, Idaho. Respondents are C. D. Rydalch and seven other resident taxpayers, who, too, are qualified electors of the area referred to as Common School District No. 13.

The issue here presented is raised in respondents' motion to dismiss this appeal. The facts involved are undisputed. Under date of June 22, 1959, the Board of County Commissioners of Gooding County, Idaho, entered an order establishing a reorganized school district pursuant to Idaho Code, c. 5, T. 33, as amended. July 1, 1959, respondents filed notice of appeal from the order of the District Court of the Fourth Judicial District, in and for Gooding County, Idaho. While the matter was pending before the district court, appellants intervened by filing their response. The court, on September 10, 1959, entered its judgment setting aside the order of the Board of County Commissioners, which judgment was filed September 11, 1959. Notice of appeal to this Court from the judgment was filed December 3, 1959.

: Respondents contend their motion to dismiss this appeal should be granted because the appeal was not taken within sixty days from the date of entry of the judgment as provided by I.C. § 13–201, as amended, relating to appeals in civil actions, the pertinent portions of which read:

"An appeal may be taken to the Supreme Court from a district court.

"1. From a final judgment in an action or special proceeding commenced in * *a district* court * * *; from judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners; within * *sixty* days after the entry of such judgment; * * *"

Appellants argue this appeal is governed by I.C. §§ 33–519, 31–1510, 31–1511 and 31–1512, as amended, and since the appeal was taken within ninety days from the date of entry of judgment, the motion should be denied. I.C. § 33–519, as amended, relating to court review of orders of the board of county commissioners in school district reorganization matters, reads:

"At any time within twenty days after the entry of the order of the board of county commissioners as provided in sections 33–510, 33–511 and 33–513, as amended, an appeal from said order, or any part thereof, may be taken to the district court of such county by any resident and/or taxpay- .

er of the territory involved. This review procedure shall be exclusive as to any order of the board of county commissioners issued under the provisions of sections 33–501—33–529.

"The procedure upon such appeal and the power of the courts in relation thereto shall be in all respects the same as are prescribed in sections 31–1510, 31–1511, and 31–1512, providing for appeals from other orders of the board of county commissioners. Provided, that any determination by the courts with respect to the adjustment of property, debts and liabilities among the districts or areas involved shall in no wise affect the validity of the reorganization or creation of any school district or districts under the provisions of this act."

I.C. § 31–1512, regarding the disposition of appeals from the board of county commissioners as to claims and other matters, provides:

"Upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified; and, from the decision of the district court, or judge, either party may, within ninety days, appeal to the Supreme Court. Either of said courts, or said judge, may make any rules necessary to a proper and speedy hearing in such appeals.

"The costs shall be taxed against the losing party, except that when the appeal is taken in good faith to protect the interests of the county and the people, they shall not be taxed against the appellant; and, if it clearly appears that the order or proceeding appealed from was made fraudulently or in reckless disregard of the interests of the county or people, they may be taxed against those commissioners personally who assented to such order or proceeding."

■ To properly dispose of the issue presented, a review of the historical development of I.C. § 31–1512, and I.C. § 13–201, as amended by Sess.Laws 1957, c. 105, is necessary. Such an analysis demonstrates to us, the early intent of the legislature that I.C. § 13–201 governs in the instant case.

Initially, the forerunner of I.C. § 31–1512 was set out in the Territorial Laws, 1869, c. XV, §§ 17, 18, 19 and 20, dealing with appeals from rulings of the board of county commissioners to the district court. No provision was made for further appeals from the district court to the Supreme Court. Similar provisions are found in the Revised Statutes, 1887, §§ 1776, 1777, 1778 and 1779. Again, no provision was made for appeal from the district court to the

Supreme Court. The provisions of the Revised Statutes, 1887, were amended by Sess.Laws 1895, p. 50, authorizing appeals in such matters to the Supreme Court for the first time; this being by S.B. 39, approved March 6, 1895, with the time for appeal limited to five days after entry of the decision. Three days later, on March 9, 1895, H.B. 153 was approved (Sess.Laws 1895, p. 142), amending § 4807, Revised Statutes, 1887 (being forerunner of I.C. § 13–201), by adding ¶ 4 as follows:

"4. From a judgment rendered on an appeal from an order, decision or action of a board of county commissioners, within ninety days after the entry of such judgment."

The provisions of Sess.Laws 1895, p. 50, and Sess.Laws 1895, p. 142, were both re-enacted on February 14, 1899, the first by Sess.Laws 1899, p. 248, being H.B. 123, and the latter by Sess.Laws 1899, p. 273, being H.B. 135.

In May, 1905, this Court in Foresman v. Board of Commissioners, 11 Idaho 11, 80 P. 1131, 1132, stated:

"* * * Under the law as it now stands, appeals from orders of a board of county commissioners to the district court are regulated by the provisions of sections 1776 to 1779, inclusive, as amended March 6, 1895. [Now I.C. §§ 31–1509 to 31–1512]. While appeals from judgments of the district court entered on appeal from an order, decision, or action of a board of county commissioners are governed by sections 4807 to 4809, [now I.C. §§ 13–201 to 13–203], being the general statutes on appeal to the supreme court."

The holding of the Foresman case was reiterated in Latah County v. Hasfurther, 12 Idaho 797, 88 P. 433, where it was urged that the appeal, not having been taken within five days from date of district court judgment, should be dismissed. In the Hasfurther case, this Court held that appeals in such matters from the district court to the Supreme Court were governed by the provisions of the general appeal statute [now I.C. § 13–201].

The holdings of these cases demonstrate the error in appellants' argument that I.C. § 31–1512 is a "special statute" and as such should be considered separate and apart from the "general statute," I.C. § 13–201. The matter of procedure on appeal from the rulings of the board of county commissioners to the district court are governed by the provisions of I.C. §§ 31–1509 to 31–1512, but on appeal from the district court to the Supreme Court, the appellate procedure is governed by the provisions of I.C. § 13–201 et seq.

Appellants contend the legislature is presumed to be aware of all laws and decisions at the time of enactment and, that being so, ask: why did the legislature amend the law

(I.C. § 31–1512) from five to ninety days, if not to create this as a special statute? This contention presupposes an affirmative action on the part of the legislature in amending the original provisions of I.C. § 31–1512. An examination of the historical development of this provision discloses that Mr. MacLane, the compiler of the Idaho Revised Codes, 1908, on authority of Latah County v. Hasfurther, supra, changed the five day provision to ninety days, and this same ninety day time for appeal was thereafter contained in subsequent codifications of the law. The Revised Codes were enacted as law by Sess. Laws 1909, p. 1, as a whole, and this change thus was enacted into law.

While repeals of statutes by implication are not favored, yet, when two statutes deal with the same subject matter, and the two are irreconcilable, the most recent enactment governs, Herrick v. Gallet, 35 Idaho 13, 204 P. 477; State v. Teninty, 70 Idaho 1, 212 P.2d 412; State v. Davidson, 78 Idaho 553, 309 P.2d 211.

The appeal, in this matter, not having been taken within the sixty day period after entry of judgment, as required by I.C. § 31–201, as amended Sess.Laws 1957, c. 105, this Court does not have jurisdiction to hear the appeal, and respondents' motion to dismiss must be granted. Mills v. Board of County Commissioners, 35 Idaho 47, 204 P. 876; Estate of Dunn, 45 Idaho 23, 260 P. 432; Martin v. Soden, 80 Idaho 416, 332 P.2d 482.

The motion to dismiss the appeal is granted. Appeal dismissed. No costs allowed.

TAYLOR, C. J., and SMITH, J., concur.

KNUDSON, Justice, with whom McQUADE, Justice concurs (dissenting).

For many years prior to 1957, I.C. § 13–201 provided that an appeal from a judgment rendered on an appeal from an order, decision or action of a Board of County Commissioners could be taken within ninety days after the entry of such judgment.

I.C. § 33–519 was originally enacted as a part of S.L.1947, Ch. 111, known as "Act for Reorganization of School Districts". This section, as originally amended, limited the right of appeal to "any question of adjustment of property, debts and liabilities among the districts involved, and in which the power to make such adjustments has been conferred by this act". S.L.1949, Ch. 94, amending I.C. § 33–519, not only deleted the limitations hereinbefore mentioned, but it also provided that the appeal could be taken from the orders referred to "or any part thereof". It is significant to note that this amendment also added the following language: "This review procedure shall be exclusive as to any order of the board of county commissioners issued under the provisions of this Act".

The order here appealed was made under the provisions of I.C. § 33–510. It will also be noted that the procedure to be followed upon such appeal as directed by I.C. § 33–519 shall be in all respects the same as prescribed under I.C. §§ 31–1510, 31–1511 and 31–1512.

At the time I.C. § 33–519 was enacted (1947) and last amended (1949), there was no conflict with I.C. § 13–201 relating to the time within which an appeal could be taken from a judgment on appeal from an order, decision or action of a Board of County Commissioners. Both the original enactment of said sec. 33–519 and the amendment thereto were declared to be emergency measures.

Respondents contend that since the amendment (1957) of I.C. § 13–201 reduced the appeal time to sixty days, the two statutes are irreconcilable and therefore the last expression of the legislature must prevail.

The legislature has enacted many statutes prescribing the time within which appeals may be taken and various periods have been specified limiting the time in particular actions, judgments, orders and proceedings. It is essential to the jurisdiction of the appellate court that the appeal proceedings be taken within the time limited. Patrick v. Finch, 51 Idaho 538, 8 P.2d 776. Special provisions as to the time for taking or perfecting appeals from particular orders, judgments, or decrees, or in particular actions or proceedings, control as to any case falling within their terms while as to any case not embraced therein, the general provisions apply, it being in each case a matter of construction whether the particular situation at hand is within the operation of any special statute or rule. 4A C.J.S. Appeal and Error § 431, p. 77. See also In re Brewer's Estate, 156 Cal. 89, 103 P. 486; Levers v. Houston, 49 N.M. 169, 159 P.2d 761.

I.C. § 13–201 may properly be referred to as a general statute prescribing the time in which appeals may be taken to the Supreme Court from a district court. However, it does not follow that the legislature is estopped to prescribe a different time for appeals in a special or particular proceeding, or relative to a particular subject. In this connection, attention is called to the fact that the legislature in providing for an appeal from an order of the Board of County Commissioners relative to the organization of a hospital district under the provisions of S.L.1955, Ch. 184, the identical statute here involved is also designated as specifying the manner of taking such appeal. Said chapter provides in part as follows:

"Sec. 4. * * * Any person aggrieved by said order, or any taxpayer within said proposed district may take an appeal from said order establishing the boundaries of said district, in the

manner provided by Sections 31–1509, 31–1510, 31–1511, and 31–1512, Idaho Code, on questions of both law and fact."

It is presumed that the legislature is acquainted with the laws of its state which apply to or affect the subject upon which it legislates. It is also presumed the legislature does not intend to make any changes in the existing law beyond that which it expressly declares. Clover Valley Land & Stock Co. v. Lamb, 43 Nev. 375, 187 P. 723; Uzzell v. Lunney, 46 Colo. 403, 104 P. 945; In re Wilson's Estate, 102 Mont. 178, 56 P.2d 733, 105 A.L.R. 367. In the instant case there is no intimation that by the enactment of S.L.1957, Ch. 105, a repeal of any statute was intended, nor is there any reason to suppose that the 1957 legislature was unfamiliar with the provisions which are here contended by respondents to be in conflict therewith.

The suggestion of respondents that the amendment (1957) of I.C. § 13–201 repealed by implication I.C. §§ 33–519 and 31–1512 is not persuasive when we consider the disfavor with which courts look upon repeals by implication. In State ex rel. Good v. Boyle, 67 Idaho 512, 186 P.2d 859, 866, this Court said:

"* * * The repeal of statutes by implication is not favored. In the absence of express terms, it will be presumed that the legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction, effect can be given to both. To overcome such presumption, the two acts must be irreconcilable, i. e. clearly repugnant, as to vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation. * * *" (Citing cases.)

In arriving at the legislative intent as to an act alleged to have impliedly repealed or superseded another or other statutes, the nature of the several acts involved, including their respective titles, the history of such enactments, the state of the law when the acts were passed, and the history of the times, as well as the objects and purposes sought to be attained, are proper matters for consideration. State v. Martinez, 43 Idaho 180, 250 P. 239; Storseth v. State, 72 Idaho 49, 236 P.2d 1004. It is a general rule of law that in construing a statute, the court should take into consideration the reason for the law, that is, the object and contemplation of the legislative body in enacting the same. Wood v. Independent School Dist. No. 2, 21 Idaho 734, 124 P. 780; Rural High School Dist. No. 1 v. School D. No. 37, 32 Idaho 325, 182 P. 859.

From the language used in I.C. § 33–519, it is clear that the legislature not only specifically authorized and provided for appeals from the orders of the Board of

County Commissioners relating to reorganization of school districts, but it directed that the review procedure as prescribed therein shall be *exclusive* as to such orders. Here is an express declaration that as concerns appeals from orders relating to the reorganization of school districts, they shall be governed by I.C. § 31–1512, and in effect declares that notwithstanding the fact that a review procedure may be prescribed by other statutes, if such procedure is inconsistent with the provisions of this enactment, the provisions of this enactment will prevail.

In the instant case, not only does the language of secs. 33–519 and 31–1512, I.C., clearly disclose the legislative intent and purpose, but in the title of the "Act for Reorganization of School Districts" (S.L. 1947, Ch. 111) it specifically states that among the objects and purposes of the act is *"providing for appeals from order of county commissioners with respect to reorganized school districts and the procedure for appeal."* (Emphasis supplied.) Unquestionably, I.C. § 33–519 and the statutes referred to therein, were intended to and did provide a special review procedure relative to reorganizing of school districts. Being so, it is not to be held repealed by implication by a later general statute concerned with appeals unless it is impossible so to hold in order to give the latter act effect. Here, it is readily possible to give effect to both acts. I.C. § 13–201, as

amended, is applicable to appeals in all cases where special provisions are not prescribed by statute. Where two statutes treat the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter as far as coming within its particular provisions. In re Brewer's Estate, supra; People ex rel. Board of State Harbor Com'rs v. Pacific Imp. Co., 130 Cal. 442, 62 P. 739.

Appellant has called special attention to paragraph 3 of respondent's original notice of appeal, which provides:

"That this appeal is authorized by Section 33–519 Idaho Code, as amended, being an appeal from an Order made pursuant to Section 33–510 Idaho Code, as amended and under procedures prescribed in Sections 31–1510, 31–1511, and 31–1512, Idaho Code."

Although in conflict with respondents' present contention, it is, in my opinion, a correct statement.

This Court has recognized that appeals from orders of the Board of County Commissioners under the Act for reorganization of school districts are authorized and provided for under secs. 33–519 and 31–1512, I.C. See Common School Dist. No. 58 of

Kootenai County v. Lunden, 71 Idaho 486, 233 P.2d 806.

The motion to dismiss the appeal should be denied.

### On Rehearing

Appellants' petition for rehearing was fully granted and heard.

█ Primarily appellants' contention on re-hearing is that I.C. § 33–519, governing appeals from orders of the Board of County Commissioners, on school reorganization matters, to the the District Court and from the District Court under the provisions of I.C. §§ 31–1510, 31–1511, and 31–1512, is a special statute; that I.C. § 13–201 is a general statute. Such contention, however, overlooks that I.C. § 31–1512 deals with appeal from the District Court to the Supreme Court in matters appealed to the District Court from rulings of the Board of County Commissioners, and which provides:

"* * * either party may, within ninety days, appeal to the Supreme Court * * *."

is co-extensive with the provisions of I.C. § 13–201, last amended by S.L.1957, Ch. 105, § 1, p. 183, now reading:

"* * * An appeal may be taken to the Supreme Court from a district court.

1 * * * from a judgment rendered on an appeal from an order, decision or

action of a board of county commissioners; within sixty days after the entry of such judgment;"

The time for appeal of I.C. § 13–201, thus is controlling over that mentioned in I.C. § 31–1512.

Appeal dismissed. Costs to respondents.

TAYLOR, C. J., and SMITH, J., concur.

KNUDSON, Justice, with whom McQUADE, Justice, concurs (dissenting).

We cannot agree that I.C. § 13–201 is co-extensive with the provisions of § 31–1512 in relation to orders of boards of county commissioners with respect to reorganizing school districts; or the organization of hospital districts under S.L.1955, Ch. 184; or any other order of such boards concerning which the legislature has specifically directed that the appeal procedure relative to it shall be governed by a specified statute or statutes.

It is our view that at the time the legislature enacted the "Act For Reorganization Of School Districts" (S.L.1947, Ch. 111) is specifically adopted I.C. §§ 31–1510, 31–1511 and 31–1512 as specific and special statutes to exclusively govern the procedure for appeals from orders and decisions with respect to reorganizing school districts.

In this connection attention is called to the provisions of I.C. § 42–2924 which spe-

cifically provide that an appeal to the Supreme Court from a district court judgment relative to the organization of drainage districts shall be taken within *thirty days* after the entry of such judgment. Said statute also provides that such appeal be taken "in the manner provided by law for appeals in civil actions", and also that "upon such appeal no bond shall be required and no stay shall be allowed". Notwithstanding the fact that I.C. § 13–201 was, as now, in force and effect this Court in In re Drainage District No. 3, 40 Idaho 549, 235 P. 895, held that the provisions of the special statute (I.C. § 42–2924) would be controlling. In said case the Court stated and quoted with approval as follows:

"It is a familiar rule in statutory construction that a particular provision controls a general one.

" 'Where there are two provisions in a statute, one of which is general and designated to apply to cases generally and the other is particular and relates to only one case or subject within the scope of the general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision.' "

In said case the respondent contended (as do the respondents in the instant case) that the provisions of the general statutes should apply and while discussing such contention the Court said:

"Counsel for respondent earnestly contends that it is not reasonable to presume that the Legislature intended to exempt the remonstrants on a drainage district appeal from the statutory requirement of giving an undertaking on appeal, when litigants in other civil actions who appeal are commonly compelled to do so. However this may be, in view of the fact that no stay was allowed pending the appeal, the Legislature may have thought it was only fair to release the appellant from the necessity of giving the usual bond for costs on appeal. At any rate the Legislature undoubtedly had the power to make such provision, and this court is not called upon to consider its wisdom or expediency.

"The requirement of an undertaking on appeal is purely statutory, and where the statute in express terms negatives the requirement, *it cannot be read into the statute by reference to a general provision which otherwise would be controlling.*" (Emphasis supplied.)

In the case of John Hancock Mut. Life Ins. Co. v. Neill, 79 Idaho 385, 319 P.2d 195, 199, this Court said: "We recognize the rule that a particular statute, in case of conflict or inconsistency, controls over a general statute". We think the following quota-

tions from the decision of this Court in John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359, 363, are pertinent:

"Hence, it is a canon of statutory construction that a later statute general in its terms and not expressly repealing a prior special or *specific* statute, will be considered as not intended to affect the special or *specific* provisions of the earlier statute, unless such intention is clearly manifested or unavoidably implied. * * *

"The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction * * * which is reasonable. Also, the courts will not enlarge the meaning of one act in order to hold that it repeals another by implication, nor will they adopt an interpretation leading to an adjudication of repeal by implication unless it is inevitable, and a very clear and definite reason therefor can be assigned * * * *unless a legislative intent to repeal or supersede the statute plainly and clearly appears*. The implication must be clear, necessary, and irresistible. * * *"* (Emphasis supplied.) Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816; State v. Tay-

lor, 58 Idaho 656, 78 P.2d 125; Storseth v. State, 72 Idaho 49, 236 P.2d 1004; Idaho Wool Marketing Association v. Mays, 80 Idaho 365, 330 P.2d 337.

It seems clear to us that the decision of this Court in In re Drainage District No. 3, supra, is decisive of the issue here involved and that the majority opinion is in effect an abandonment of one of the fundamental rules of statutory construction that implied repeal of special statutes by general statutes is not favored; that such abandonment leaves an interpretation of other statutes uncertain and tends to promote confusion in the law.

There is no language contained in I.C. § 13–201 which provides or implies that this section shall govern as concerns *all* judgments rendered on an appeal from an order of a board of county commissioners. Nor does the act by which I.C. § 13–201 was amended in 1957 contain any language from which a legislative intent to repeal or supersede I.C. § 31–1512 plainly or clearly appears or even remotely implies such action. There is no conflict between the two statutes when considered in connection with the order here involved.

The legislature having specifically adopted the provisions of I.C. § 31–1512 as exclusively controlling relative to appeals from an order such as is here involved, we feel that such legislative directive should be followed and respondents' motion denied.